## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------  x

Amy Schneider and Erika Opgenorth, on
behalf of themselves and all others similarly
situated,

               Plaintiffs,

     v.

Colgate-Palmolive Company and CP Skin
Health Group, Inc.,

               Defendants.

-------------------------------------------------------  x

CASE NO.   5:22-CV-1294 (DNH/TWD)

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

     Plaintiffs Amy Schneider and Erika Opgenorth ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, bring this Class Action Complaint against Colgate-Palmolive Company and CP Skin Health Group, Inc. (collectively, "Defendants"), based upon personal knowledge as to themselves, and upon information, investigation and belief of their counsel.

### SUMMARY OF THE ACTION

     1.    This class action seeks to challenge Defendants' false and deceptive practices in the marketing, distribution, and sale of EltaMD Transparent Zinc Oxide sunscreens (the "Products"[1]).

---

[1] The "Products" are further defined in Paragraph 15.

2.      Defendants have labeled and advertised the Products in a manner which misleads consumers into believing the only active UV sunscreen ingredient in the Products is zinc oxide, a premium mineral sunscreen ingredient used to protect the skin from UV rays.

3.      For example, the front label of each Product prominently represents that the Products contain "Transparent Zinc Oxide," a representation which misleads reasonable consumers into believing the only active sunscreen ingredient in the Products is zinc oxide. No other active sunscreen ingredient is mentioned on the front label. Moreover, the fact that the Products are advertised as being "Mineral-Based" on online retail platforms such as Amazon.com further reinforces the misleading impression that the sole active sunscreen ingredient in the Products is zinc oxide which is a mineral ingredient.

4.      Unbeknownst to consumers however, a significant portion of each Product's active sunscreen ingredients is chemical sunscreen ingredient(s), such as octinoxate, octisalate, and octocrylene, which have a well-documented record of being harmful to the skin and the environment. Indeed, nearly half of the challenged the Products contain a *__higher concentration of chemical sunscreen ingredients than zinc oxide__*.

5.      Plaintiffs and other consumers purchased the Products and paid a premium price based upon their reliance on the front label "Transparent Zinc Oxide" representation. Moreover, Plaintiffs and other consumers who purchased the Products on Amazon.com also saw and relied on the phrase "Mineral-Based" in the product titles on Amazon.com. Had Plaintiffs and other consumers been aware that the Products contain significant levels of chemical sunscreen ingredients, they would not have purchased the Products or would have paid significantly less for them. Accordingly, Plaintiffs and Class members have been injured by Defendants' deceptive business practices.

**JURISDICTION AND VENUE**

6.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness

Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the

Federal Rules of Civil Procedure, there are thousands of proposed Class members, the

aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and

Defendants are citizens of a state different from at least some members of the proposed Classes.

7.     This Court has personal jurisdiction over Defendants because Defendants have

sufficient minimum contacts in New York, or otherwise intentionally availed themselves of

the markets within New York, through their sale of the goods and products, including the

Products, in New York to New York consumers.

8.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2)

because a substantial part of the events or omissions giving rise to Plaintiff Opgenorth's claims

occurred in this District. Plaintiff Opgenorth resides in this District and she purchased one of

the Products in this District.

**PARTIES**

9.     Plaintiff Schneider is a citizen of California and currently resides in Los

Angeles, California.  In or around February 2020, Ms. Schneider purchased the EltaMD UV

Daily Broad-Spectrum SPF 40 Transparent Zinc Oxide, Tinted Product from Amazon.com.

Based on the words "Zinc Oxide" on the front label of the Product, Ms. Schneider reasonably

believed that the Product contained only zinc oxide as the active sunscreen ingredient.

Moreover, Ms. Schneider saw the phrase "Mineral-Based" on the Amazon.com title/name of

the Product (depicted below), which reinforced the perception that the Product contained only

zinc oxide as the active sunscreen ingredient. Had she known that the Product contained

chemical active ingredients, she would not have purchased it, or would have paid significantly less for it. As such, she has been injured as a direct result of Defendants' conduct.

10.     Plaintiff Opgenorth is a citizen of New York and currently resides in Baldwinsville, New York.  In or around March 2021, Ms. Opgenorth purchased the EltaMD UV Daily Broad-Spectrum SPF 40 Transparent Zinc Oxide Product from Amazon.com. Based on the words "Zinc Oxide" on the front label of the Product, Ms. Opgenorth reasonably believed that the Product contained only zinc oxide as the active sunscreen ingredient. Moreover, Ms. Opgenorth saw the phrase "Mineral-Based" on the Amazon.com title/name of the Product (depicted below), which reinforced the perception that the Product contained only zinc oxide as the active sunscreen ingredient.  Had she known that the Product contained chemical active ingredients, she would not have purchased it, or would have paid significantly less for it. As such, she has been injured as a direct result of Defendants' conduct.

11.     Defendant Colgate-Palmolive Company is a corporation with its principal place of business in New York, New York. Defendant Colgate-Palmolive Company is responsible for the formulation, manufacturing, labeling, advertising, distribution and sale of the Products nationwide, including in this District.

12.     Defendant CP Skin Health Group, Inc. is a corporation with its principal place of business in Scottsdale, Arizona. Defendant CP Skin Health Group, Inc. was formed as an entity responsible for the EltaMD brand after its acquisition by Defendant Colgate-Palmolive Company.

## FACTUAL ALLEGATIONS

13.     In 2018, Colgate-Palmolive Company purchased EltaMD, which was and currently is one of the fastest-growing brands in professional skin care.

14.    The EltaMD brand offers a variety of premium skin and sun care products, with its bestselling products being sunscreen and sun protection products sold for approximately $30-$40 per bottle.

15.    The EltaMD sunscreen products at issue in this case include the following:

        a.    EltaMD UV Daily Broad-Spectrum SPF 40 Transparent Zinc Oxide;

        b.    EltaMD UV Daily Broad-Spectrum SPF 40 Transparent Zinc Oxide, Tinted;

        c.    EltaMD UV Clear Broad-Spectrum SPF 46 Transparent Zinc Oxide;

        d.    EltaMD UV Clear Broad-Spectrum SPF 46 Transparent Zinc Oxide, Tinted;

        e.    EltaMD UV Sport Broad-Spectrum SPF 50 Transparent Zinc Oxide;

        f.    EltaMD UV Sheer Broad-Spectrum SPF 50+ Transparent Zinc Oxide;

        g.    EltaMD UV Lotion Broad-Spectrum SPF 30+ Transparent Zinc Oxide;

        h.    EltaMD UV Facial Broad-Spectrum SPF 30+ Transparent Zinc Oxide; and

        i.    EltaMD UV Lip Balm Broad-Spectrum SPF 36 Transparent Zinc Oxide.

16.    Unfortunately for consumers, Defendants engage in false and misleading labeling and advertising to charge a premium, boost sales, and increase profits for the Products, all at the expense of unsuspecting consumers.

17.    Specifically, the front label of each Product prominently represents that the Products contain "Transparent Zinc Oxide." *See below example*.



18.     Notably, and as depicted in the example above, the front label of each Product fails to list or disclose any active sunscreen ingredient(s) ***other than*** "zinc oxide."

19.     Based on these representations and omissions, reasonable consumers purchasing the Products are led to believe that the only active sunscreen ingredient in the Products is zinc oxide, a mineral sunscreen ingredient.

20.     Reinforcing these misleading representations and omission is the fact that on the Amazon.com[2] pages for some of the Products (e.g., the Amazon.com product pages from which both Plaintiffs purchased the Products), the Products are advertised as being "Mineral-Based" in the product names/titles. *See below example*.



21.     Contrary to their labeling and advertising however, and unbeknownst to Plaintiffs and other consumers, nearly half of each Products' active sunscreen ingredients are chemical sunscreen ingredient(s), such as octinoxate, octisalate and octocrylene. Indeed, nearly half of the Products contain a **_higher concentration of chemical sunscreen ingredients than zinc oxide_**.

---

[2] The Products have almost 100,000 reviews combined on Amazon.com.

22.     For example, the EltaMD UV Sport Broad-Spectrum SPF 50 Transparent Zinc Oxide sunscreen contains a ***combined 12.5% octinoxate and octisalate versus only 9% zinc oxide.*** The EltaMD UV Facial Broad-Spectrum SPF 30+ Transparent Zinc Oxide sunscreen contains ***7.5% Octinoxate versus only 7.0% Zinc oxide***.

23.     The remaining Products contain significant amounts of octinoxate, octisalate and/or octocrylene in addition to zinc oxide. Table 1, set forth below, lists the sunscreen ingredient composition for each Product challenged:

| Product | Chemical Concentration | Zinc Oxide Concentration |
|---|---|---|
| EltaMD UV Sport Broad-Spectrum SPF 50 Transparent Zinc Oxide | 7.5% Octinoxate; 5.0% Octisalate | 9.0% Zinc Oxide |
| EltaMD UV Lip Balm Broad-Spectrum SPF 36 Transparent Zinc Oxide | 7.5% Octinoxate | 7.0% Zinc Oxide |
| EltaMD UV Facial Broad-Spectrum SPF 30+ Transparent Zinc Oxide | 7.5% Octinoxate | 7.0% Zinc Oxide |
| EltaMD UV Lotion Broad-Spectrum SPF 30+ Transparent Zinc Oxide | 7.5% Octinoxate | 7.0% Zinc Oxide |
| EltaMD UV Daily Broad-Spectrum SPF 40 Transparent Zinc Oxide | 7.5% Octinoxate | 9.0% Zinc Oxide |
| EltaMD UV Daily Broad-Spectrum SPF 40 Transparent Zinc Oxide, Tinted | 7.5% Octinoxate | 9.0% Zinc Oxide |
| EltaMD UV Clear Broad-Spectrum SPF 46 Transparent Zinc Oxide | 7.5% Octinoxate | 9.0% Zinc Oxide |
| EltaMD UV Clear Broad-Spectrum SPF 46 Transparent Zinc Oxide, Tinted | 7.5% Octinoxate | 9.0% Zinc Oxide |
| EltaMD UV Sheer Broad-Spectrum SPF 50+ Transparent Zinc Oxide | 10% Octocrylene | 15% Zinc Oxide |

24.     As a result, the Products are deceptively labeled and advertised.

25.    The EltaMD Instagram page is equally misleading as it focuses heavily on zinc oxide as an ingredient (rather than the chemical ingredients in the Products). *See examples below*.





26.     And in one YouTube.com advertisement for EltaMD products, the Products are advertised as "Mineral Based." Indeed, at one point in the commercial, the voiceover represents that "All EltaMD sunscreens are mineral-based[.]" *See below*.[3]

---

[3] https://www.youtube.com/watch?v=HLVRPQM_S5Q



27.     Exacerbating the deceptive nature of the labeling and advertising is the fact that some other EltaMD "Zinc Oxide" sunscreens, such as the EltaMD UV Glow Broad-Spectrum SPF 36 sunscreen (not challenged in this action) are also advertised as containing "Transparent Zinc Oxide" and **only contain zinc oxide**, as promised. *See below*.



28.    Plaintiffs and other consumers purchased the Products and based on the "Transparent Zinc Oxide" representation on the front label of each Product, they reasonably believed that the sole active sunscreen ingredient in the Products was zinc oxide. Because the Products contain substantial levels of chemical sunscreen ingredients – in some instances containing more chemical sunscreen ingredients than zinc oxide – Plaintiffs and other consumers have been deceived.

29.     Plaintiffs are not the only consumers to have been deceived and to have complained about Defendants' deceptive labeling and advertising practices. Indeed, numerous customers have taken to Defendants' Amazon.com pages for the Products to complain that the labeling of the Products is deceptive. Below is a non-exhaustive list of almost 40 complaints just from the Amazon.com pages:

★☆☆☆☆ **Major Skin Reaction Contains chemical Octinoxate**
By paul quartararo on June 12, 2020
Oh my gosh absolutely terrible product. Had an adverse skin reaction to this sunscreen. Contains Octinoxate which is a terrible chemical for your skin. Rash all over my face and neck where I applied this product. Save your money and buy something else. False advertising and the reviews must not be real. see less

★☆☆☆☆ **Misleading advertising**
By F on May 31, 2021
Misleading advertising. This is promoted as having non-chemical active ingredients and that is not true. Yes it has zinc oxide but it also contains octinoxate. see less

★☆☆☆☆ **Not a mineral sunscreen**
By SpencerCat on February 16, 2021
Why is this listed as a mineral sunscreen? It has octinoxate which is a chemical sunscreen. They need to update the description and ingredients on Amazon as I don't see this mentioned anywhere. I'm allergic to chemical sunscreens so this one is getting returned. see less

★☆☆☆☆ **Chemical sunscreen**
By christine cepeda on August 22, 2022
I came upon this brand as a good alternative to chemical sunscreen. I did not know this is a chemical sunscreen and burned my skin horribly because of the ingredient oxtinoate. Which they chose to not put on the front label. Hurts so bad see less

★☆☆☆☆ **Very Misleading - Contains chemical Octinoxate 7.5%**
By Jac_and_Jen on May 22, 2021
The product claims it's a safe, mineral based sunscreen but actually the main ingredient is Octinoxate (7.5%), a CHEMICAL sunscreen that gets absorbed into your cells and changes the way it reacts to the sun. see less

★☆☆☆☆ **Mineral AND Chemical sunscreen**
By Jm az on June 2, 2021
Description is VERY misleading... It says mineral 'based', but in addition to zinc oxide, it also contains Octinoxate 7.5%, which is a chemical sunscreen. This info appears no where in this description as of May 2021. see less

★☆☆☆☆ **Unsafe for humans and marine life!**
By spud on August 16, 2021
Description is VERY misleading... It says mineral 'based', but in addition to zinc oxide, it also contains Octinoxate 7.5%, which is a chemical sunscreen. This info appears no where in this description. Octinoxate is unsafe for humans and our marine life!! Octinoxate, an established endocrine disruptor, rated 5 by EWG. Sunscreens containing octinoxate are now banned in Hawaii. Octinoxate is also called Octyl methoxycinnamate or (OMC). see less

★☆☆☆☆ **Description omits active ingredients**

By jenna on August 7, 2021

This product description lists "ingredients" but fails to mention the two active ingredients, one of which is Octinoxate making it not reef safe. The product description is misleading. see less

★☆☆☆☆ **False Advertisement - Also contains octinoxate**

By Anh Le on March 19, 2021

This product was heavily marketed as a mineral based sunscreen. The active ingredients contain both zinc oxide and octinoxate. Octinoxate is a chemical sunscreen and is a hormone disruptor. see less

★☆☆☆☆ **Octinoxate present- endocrine disruptor**

By llei on February 10, 2021

I cannot attest to the product's coverage or qualities other than the fact it has OCTINOXATE in it. If you are looking for a chemical free sunscreen, keep on looking. I unfortunately didn't see it listed. In fact, I had to comb through the product listing to find the full ingredients list. Octinoxate is known to disrupt your endrocrine system, mimicking hormones over time. see less

★☆☆☆☆ **Deceiving with ingredients**

By SK on September 17, 2020

I bought this and loved using it until I realized that it contained Octinoxate, which is a dangerous ingredient in skincare for women. This ingredient is NOT highlighted on the product information area on this site and only shows it on the bottle listed on the back. I will no longer be using this product, unfortunately. I wish more people knew about this dangerous ingredient, especially when it is in a product that we use on our skin DAILY for protection. Please change your product information so that this ingredient is mentioned! Please consider changing your formula so that it can be a better product. see less

★★☆☆☆ **Contains Octinoxate**

By Daniel Lin on September 29, 2021

I've been using this sunscreen for more than 3 years. However, I just found out that this sunscreen contains an active ingredient called Octinoxate. I had to goggle what it is and this is what i found:

"EWG recommends that consumers avoid sunscreens with oxybenzone. Octinoxate is an organic UV filter. It is readily absorbed into the skin and continues to be absorbed after the sunscreen has been applied. It has been found in blood 16 times above the proposed FDA safety threshold (Matta 2019, 2020)."

Its also bad for the ocean and environment - Hwaii has banned this ingredient in their sunscreen products. I can't believe a long-trusty brand of mind would still use this in their product. I will stick with zinc oxide. see less

★☆☆☆☆ **Beware: Contains Octinoxate**

By Epictetus on August 24, 2020

I discovered too late that this contains Octinoxate, an established endocrine disruptor, rated 5 by EWG. It's also harmful to corals and implicated in coral bleaching, and sunscreens containing octinoxate are now banned in Hawaii. Extremely disappointing to find it in a respected brand. Stick with zinc oxide: there are lots of great alternative bio and eco-friendly brands. From Campaign for Safe Cosmetics: "Octinoxate, also called Octyl methoxycinnamate or (OMC), is a UV filter. It can be absorbed rapidly through skin. Octinoxate has been detected in human urine, blood and breast milk, which indicates that humans are systemically exposed to this compound. Octinoxate is an endocrine disruptor that mimics estrogen and can disrupt thyroid function." see less

★★★★☆ **This looks great on skin, but beware it's not entirely mineral.**

By Ashley C. on August 14, 2022

This skin tint does look amazing on - I get asked what I'm wearing on my skin quite often. However, I purchased it with the expectation that it was mineral sunscreen. You should know that while it does contain Zinc Oxide, it also does in fact contain Octinoxate. Bummed about this bc I wanted to love it, but will likely end up tossing it. :( see less

★★☆☆☆ Misleading - has chemical sunscreen too

By nycmama on September 16, 2020

They call this a zinc sunscreen but that's not its only active ingredient - there's also 7.5% Octinoxate. Too bad as I love it otherwise. This brand does make others that have no chemical sunscreen added, thankfully! see less

★☆☆☆☆ Beware: Contains Octinoxate

By Tara Cote on June 23, 2021

It is advertised as a zinc sunscreen meanwhile it contains 7.5% Octinoxate, which is harmful to reefs as well as pregnant women. This chemical is not safe during pregnancy because it has endocrine disruptors and can potentially cause reproductive issues in non-pregnant women. see less

★☆☆☆☆ Contains Octinoxate!!

By PelonPeloRico on August 11, 2020

This says it is a mineral sunscreen, but in fact it contains 7.5% Octinoxate. (See photo.) If you, like me, are trying to buy mineral sunscreens (zinc oxide, titanium dioxide) to avoid chemicals that can be absorbed through your skin, then do not buy! (This product does feel amazing on your skin and doesn't leave a white residue...but that's because it's actually partially a chemical sunscreen, not a mineral one. There are plenty of chemical sunscreens that feel nice on your skin.) see less

★★★☆☆ Contains Octinoxate

By VZ112311 on April 1, 2021

While this might be a wonderful sunscreen, I was looking for something chemical-free. This product contains 7.5% octinoxate. I found no mention of this in the product description. see less

★★☆☆☆ Contains chemical sunscreen

By Amazon Customer on September 22, 2022

I love Elta MD products. I read the description that says mineral/zinc based which I trusted to mean no chemical sunscreen. Big mistake. Been dealing with dermatitis (which I get from prolonged use of chemical sunscreen) and in my attempts to figure out the culprit, read the ingredients which include octixonate. Might not bother most, but those with reactive/sensitive skin beware. Especially since this is marketed as sensitive/rosasea prone skin sage. see less

★☆☆☆☆ Advertised as Mineral Sunscreen. But it's not.

By B. Paulson on November 2, 2022

The description says over & over that this is mineral sunscreen, contains zinc oxide, etc. But you really need to dig to find out that it also contains Oxinocate, which is a chemical sunscreen. I unfortunately did not realize this until I received it in the mail so it's being returned. see less

★★☆☆☆ Contains Synthetic Chemical Sunscreen Not Listed in Description

By Amazon Customer on December 9, 2016

The description does not indicate that product includes Octinoxate 7.5%, a chemical/synthetic sunscreen, only Zinc Oxide 9.0% is mentioned.

Chemical sunscreens sting eyes. Product is not eligible for return. This was a waste of money.

★☆☆☆☆ Toxic ingredient. Beware..

By L on June 30, 2022

I enjoyed using this product until looking up the ingredients. Octinoxate is very bad for you. My skin never cleared up using this sunscreen everyday. I stopped using the sunscreen and just started wearing a hat outside and sun protective clothing and my skin cleared up. Isn't a safe ingredient if you're pregnant either. im not but i wont be using anyway. see less

★☆☆☆☆ **Toxic Ingridient**

By Tyler Blush on August 2, 2022

Octinoxate - 2nd ingredient - is an endocrine disruptor and can cause acne… I have had breakouts since I started using this product and it took looking at a list of "sunscreens to avoid" to realize this was the issue! Buyer beware! This is NOT reef safe, don't be fooled by the 'mineral' title see less

★☆☆☆☆ **Contains toxic chemical Octinoxate**

By Richard Moore on July 23, 2019

This product contains the chemical Octinoxate, which is toxic to humans. The description "mineral-based" is a bit deceptive, and as of this writing, the "Ingredient Insights" only lists 9% Zinc Oxide, not the 7.5% Octinoxate. see less

★☆☆☆☆ **Read the ingredients: Octinoxate**

By Mariella Torres on March 27, 2019

I am SO disappointed. I bought this and used until I realized that it contains Octinoxate which is toxic for the coral reef. Hawaii has banned the sale of sunscreen with this toxic chemical in it to protect the environment. I am disappointed that my favorite sunscreen uses ingredients that hurt the environment see less

★☆☆☆☆ **Contains octinoxate**

By TeethinSLO on November 8, 2021

This product was recommended to me by a female team member with beautiful skin. I had used it a few times because I was looking for a sunscreen that did not have endocrine disruptors or any chemicals known to be toxic. She recommended the product because she said it was simply zinc oxide with a tent to cover up the opaque whiteness of zinc. However the product also contains octinoxate. I do not recommend. see less

★☆☆☆☆ **Horrible.**

By Rebecca Parsons on June 3, 2017

Very unhappy. This is for "sensitive skin" yet everytime I use it I break out. I realized it's because of the chemical sunscreen. I don't know why they don't just use zinc oxide only, it's so much gentler. I used this in the morning and by afternoon my face was red blotchy and irritated with severAL raised red patches. Horrible. see less

★★☆☆☆ **Beware - Not a True Mineral Sunscreen**

By K. Garner on July 26, 2019

I bought this sunscreen based on the fact that it calls itself "mineral based". Shame on me for not reading the ingredients carefully. It's not a true mineral sunscreen. It has Octinoxtate, which is a chemical ingredient. If you're looking for a fully mineral product this is not it. Going in the donation pile and my quest for a great mineral based product continues... see less

★★☆☆☆ **Includes chemical sunscreen**

By EinafetsG on June 13, 2019

This product is misleading. On the product page it appears as though its a physical sunscreen with only mineral sunblocks, but if you look closely, it also contains octinoxate. Why not just list the actual active ingredients rather than hiding it? I have used other products by Elta MD and been happy, but thought I would try this product for dry skin. In addition to not being very moisturizing (my skin was still flaking and I have to combine it with another moisturizer anyway) the sunscreen irritates my eyes and I have to discontinue use. I wish I could return it but I decided to give it a fair shot, but it seems like now it's too late. see less

★☆☆☆☆ **Inaccurate description of active ingredients!**

By M H. on July 1, 2020

Inaccurate description of product!
Seller only lists 9% Zinc Oxide but doesn't list that it also has 7.5% Octinoxate . Why lie? see less

★☆☆☆☆ **Troubling chemicals used, deceptive marketing**

By LC on September 22, 2022

Octinoxate, one of the 3 active ingredients, has been shown to be absorbed by the skin and affect hormones as well as the metabolic system. It has also been banned in several countries.

Not only that, on Amazon this is listed as "with Zinc Oxide" which is true, but only 1 of the 3 active ingredients. I would consider this a deceptive marketing tactic.

I might expect this kind of tactic from a cheaper product or less well-regarded company, but not from EltaMD. I am galled and do not feel like I can trust a company which will expose its customers to such potentially dangerous chemicals.

Knowing this now, I personally will stop using this product immediately and throw away the rest of what I have.

All that said, if you're still comfortable putting these chemicals on your skin, I did find that this was a remarkably comfortable and non-irritating sunscreen, spreads well and worked well when I was running outdoors. see less

★☆☆☆☆ **It's not 100% mineral sunscreen**

By Francisco Ricardo Rodrigues de... on October 9, 2021

I purchased because I thought it was 100% mineral sunscreen but It actually has octinoxate and octisalate which are 2 sunscreen filter with unreliable safety data. So very disappointing that it doesn't show on the description here at Amazon which led to purchase it wrongfully. see less

★☆☆☆☆ **"Mineral Base" is Misleading**

By RG on August 22, 2019

I thought I was buying a mineral based product with zinc oxide, only. After I received it and read the ingredients, I found out that it also contains Octinoxate, 7.5% and Octisalate, 5%.Octinoxate, and many other things I can't pronouce.
This is from Women's Health Magazine;

One of the most common ingredients found in sunscreens with SPF, octinoxate is readily absorbed by our skin and helps other ingredients to be absorbed more readily. While allergic reactions from octinoxate aren't common, hormone disruption is: the chemical's effects on estrogen can be harmful for humans and wildlife, too, should they come into contact with the chemical once it gets into water. Though SPF products are designed to protect skin from sun-induced aging, octinoxate may actually be a culprit for premature aging, as it produces menacing free radicals that can damage skin and cells.

I read and reread the Amazon webpage and the other ingredients are never mentioned. Only "mineral based" and "zinc oxide. Maybe this doesn't bother you, but it should. Over the last few decades, the numbers of people diagnosed with skin cancer has risen sharply. At the same time, so has the use of sunscreen. Hmmmmmm see less

★☆☆☆☆ **Contains Octinoxate & Octisalate**

By WEK on June 9, 2021

I was looking for a mineral based sunscreen to avoid the questionable chemicals in other sunscreens which sometimes cause me skin irritation. However, in addition to zinc this product contains significant amounts of octinoxate and octisalate! I don't see this mentioned anywhere in the description.

BEWARE - not purely mineral based! see less

★★☆☆☆ **Misleading. This is NOT a mineral-based lotion.**

By JN on May 4, 2022

100% of the information in the Amazon entry is that this is a mineral-based zinc oxide sunscreen.

However, on receipt of the lotion, it's clear that it contains several chemical sun blocking active ingredients too.

Given that people are buying this sunscreen SPECIFICALLY for being a mineral-based sun block WITHOUT chemical sun blocks, this is *highly misleading*.

Being misleading is the last thing you want from a health product, so do yourself a favor and pick another brand. see less

★★★★☆ **Kind of Misleading** ...
By Carrie on June 30, 2022
I want to start off saying that I love this spf, I really do. However nowhere on the product info does it say Octinoxate is in the ingredients. I have bought this twice thinking it is a mineral spf as it only mentions zinc in the ingredients in the description. I kept my first bottle because it really is a great spf however I want to use only mineral spf, not chemical. I went looking for another Elta MD mineral sunscreen and somehow bought this one again! I read through the entire description and it didn't say anything other than zinc. If you're ok with chemical sunscreens, this is honestly a great choice. I feel like I've been duped twice somehow thinking I was buying a mineral sunscreen, and this isn't it. see less

★☆☆☆☆ **Reef Killer**
By Pat G 123 on May 31, 2022
I bought this sun block to be a reef safe sun block, formulated with zinc, but alas the first ingredient listed when I received the package is Octocrylene 10%, one of the 3 major reef killers. It was not advertised to have that in it. see less

30.     The reasonable belief that the Products are made with only zinc oxide as the active sunscreen ingredient is material to consumers' purchasing decisions. It is well known that consumers value and have increasingly turned to "physical" or "mineral" sunscreen ingredients, such as zinc oxide and titanium dioxide, to protect themselves from the sun. As opposed to chemical-based sunscreen ingredients (such as octinoxate, octisalate, and octocrylene) which are absorbed into the skin, mineral sunscreen ingredients sit on the surface of the skin as an invisible "physical" layer, therefore stopping most UV rays before they have a chance to penetrate the body.

31.     Mineral sunscreens have become increasingly popular due the negative health and environmental consequences associated with chemical sunscreens. Chemical sunscreens can be irritating to those with sensitive or acne prone skin, and research has demonstrated that certain chemical sunscreen ingredients are associated with hormonal disruption and the production of dangerous free radicals. One reason for these deleterious consequences is that chemical active ingredients in sunscreen can penetrate the skin and enter the bloodstream.

32.     Moreover, chemical sunscreen ingredients have recently come under fire for their negative impact on the environment, especially on reefs, including coral and inhabiting

marine life. Indeed, class action lawsuits have been filed against the top sunscreen manufacturers such as Edgewell (Banana Boat and Hawaiian Tropic brand sunscreens) for misleading consumers into believing their sunscreens were "Reef Friendly" or "Reef Safe" when they contained chemical sunscreen ingredients such as octinoxate, octisalate, and octocrylene, which are harmful reefs.

33.     The consequences of chemical sunscreen ingredients have become so dire that Hawaii has chosen to ban octinoxate in sunscreen products sold in Hawaii.

34.     As the entities responsible for the development, manufacturing, packaging, advertising, distribution and sale of the Products, Defendants knew or should have known that the Products are deceptively advertised as "Transparent Zinc Oxide" and "Mineral-Based" sunscreens.  Moreover, Defendants knew or should have known that Plaintiffs and other consumers, in purchasing the Products, would rely on Defendants' representations and be deceived. This is evidenced in part by the numerous customer complaints made directly to Defendants on the Amazon.com pages for the Products (see above complaints). Nonetheless, Defendants deceptively advertise the Products in order to capitalize on demand for premium mineral sunscreens made solely with zinc oxide.

35.     Consumers are willing to pay more for the Products based on the belief that the Products contain only zinc oxide as the active sunscreen ingredient, as promised on the front label. Plaintiffs and other consumers would have paid significantly less for the Products, or would not have purchased them at all, had they known that the truth about them. Thus, through the use of misleading representations, Defendants command a price that Plaintiffs and the Classes would not have paid had they been fully informed.

36.     Therefore, Plaintiffs and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendants' false and deceptive practices, as described herein.

## CLASS ACTION ALLEGATIONS

37.     Plaintiffs bring this class action pursuant to Fed. R. Civ. P 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**Nationwide Class**
All residents of the U.S. who purchased any of the Products within the applicable statute of limitation ("Nationwide Class").

**California Class**
All residents of California who purchased any of the Products within the applicable statute of limitation ("California Class").

**California Consumer Subclass**
All residents of California who purchased any of the Products for personal, family, or household purposes, within the applicable statute of limitations period ("California Consumer Subclass")

**New York Class**
All residents of New York who purchased any of the Products within the applicable statute of limitation ("New York Class") (together with the Nationwide Class, the California Class, and the California Consumer Subclass, the "Classes").

38.     Excluded from the Classes are the following individuals and/or entities: Defendants and their parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

39.     Plaintiffs reserve the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

40.     **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiffs but is likely to be ascertained by the Defendants' records. At a minimum, there likely are at least thousands of Class members.

41.     **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

    a.  whether Defendants' course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

    b.  whether reasonable consumers would rely upon the "Transparent Zinc Oxide" and/or "Mineral-Based" representations about the Products and reasonably believe the Products are made solely with zinc oxide as the active sunscreen ingredient;

    c.  whether Defendants knew or should have known the foregoing representations were false or misleading;

    d.  whether Defendants were unjustly enriched by retaining monies from the sale of the Products;

    e.  whether certification of each Class is appropriate under Rule 23;

    f.  whether Plaintiffs and the members of each Class are entitled to declaratory, equitable, and/or other relief, and the scope of such relief; and

g.  the amount and nature of the relief to be awarded to the Plaintiffs and the Classes, including whether Plaintiffs and the Classes are entitled to punitive damages.

42.  **Typicality:** Plaintiffs' claims are typical of the other Class members because Plaintiffs, as well as Class members, purchased the Products. Plaintiffs and members of the Classes relied on the "Transparent Zinc Oxide" and/or "Mineral-Based" representations about the Products prior to purchasing them. Plaintiffs and the members of each Class paid for Defendants' Products and would not have purchased them (or would have paid substantially less for them) had they known that the representations were untrue.

43.  **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the proposed Classes as their interests do not conflict with the interests of the members of the proposed Classes they seek to represent, and they have retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiffs and their counsel.

44.  **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' misconduct detailed at length in this Complaint.

45.  **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the

issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendants.

## FIRST CLAIM FOR RELIEF
### Violation of New York's General Business Law § 349
**(*For the New York Class*)**

46.     Plaintiff Opgenorth repeats the allegations contained in paragraphs 1-45 above as if fully set forth herein.

47.     Plaintiff Opgenorth brings this claim individually and on behalf of the members of the proposed New York Class against Defendants.

48.     New York General Business Law ("GBL") § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state."

49.     The conduct of Defendants alleged herein constitutes "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff Opgenorth and the New York Class members seek monetary damages.

50.     Defendants misleadingly, inaccurately, and deceptively advertised and marketed their Products to consumers.

51.     Defendants' improper consumer-oriented conduct—including labeling and advertising the Products as "Transparent Zinc Oxide" and/or "Mineral-Based"— is misleading in a material way in that it, *inter alia*, induced Plaintiff Opgenorth and the New York Class members to purchase and pay a premium for the Products and to consume the Products when

they otherwise would not have. Defendants made these untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

52.     Plaintiff Opgenorth and the New York Class members have been injured inasmuch as they paid a premium for the Products that contained significant amounts of chemical sunscreen ingredients, contrary to the representations made about them. Accordingly, Plaintiff Opgenorth and the New York Class members received less than what they bargained and/or paid for.

53.     Defendants' deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff Opgenorth and the New York Class members have been damaged thereby.

54.     As a result of Defendants' "unlawful" deceptive acts and practices, Plaintiff Opgenorth and the New York Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
**Violation of New York's General Business Law § 350**
(***For the New York Class***)

55.     Plaintiff Opgenorth repeats the allegations contained in paragraphs 1-45 above as if fully set forth herein.

56.     Plaintiff Opgenorth brings this claim individually and on behalf of the members of the proposed New York Class against Defendants.

57.     GBL § 350-a(1) provides, in part, as follows:

> The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is

24

misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual. …

58.    Defendants' labeling and advertising of the Products as "Transparent Zinc Oxide" and/or "Mineral-Based" are materially misleading inasmuch as they misrepresent the Products' active ingredients.

59.    Plaintiff Opgenorth and the New York Class members have been injured inasmuch as they relied upon the labeling and advertising of the Products and paid a premium for products that did not contain the ingredients that were promised. Accordingly, Plaintiff Opgenorth and the New York Class members received less than what they bargained and/or paid for.

60.    Defendants' labeling and advertising of the Products induced Plaintiff Opgenorth and the New York Class members to buy Defendants' Products. Thus, Defendants made material misrepresentations about the Products.

61.    Defendants made the foregoing untrue and/or misleading representations willfully, wantonly, and with reckless disregard for the truth.

62.    Defendants' material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Products were exposed to Defendants' material misrepresentations.

63. As a result of Defendant's "unlawful" deceptive acts and practices, Plaintiff Opgenorth and the New York Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750,** *et seq.*
(*For the California Consumer Subclass*)

64. Plaintiff Schneider repeats the allegations contained in paragraphs 1-45 above as if fully set forth herein.

65. Plaintiff Schneider brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendants.

66. The Products are "good[s]" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff Schneider and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

67. Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By representing that the Products use "Transparent Zinc Oxide" and/or are "Mineral-Based," Defendants have represented and continues to represent that the Products have characteristics (i.e., are made solely with zinc oxide as the active sunscreen ingredient) that they do not have. Therefore, Defendants have violated section 1770(a)(5) of the CLRA.

68. Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By representing that the Products use "Transparent Zinc Oxide" and/or

are "Mineral-Based," Defendants have represented and continue to represent that the Products are of a particular standard (i.e., made solely with zinc oxide as the active sunscreen ingredient) that they do not meet. Therefore, Defendants have violated section 1770(a)(7) of the CLRA.

69.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By representing that the Products use "Transparent Zinc Oxide" and/or are "Mineral-Based," Defendants have advertised the Products with characteristics they intended not to provide to consumers. As such, Defendants have violated section 1770(a)(9) of the CLRA.

70.     At all relevant times, Defendants have known or reasonably should have known that the "Transparent Zinc Oxide" and/or "Mineral-Based" representations are false and deceptive, and that Plaintiff Schneider and other members of the California Consumer Subclass would reasonably and justifiably rely on them when purchasing the Products. Nonetheless, Defendants deceptively advertise the Products as such in order to deceive consumers into believing they are premium mineral sunscreens which just use zinc oxide as the active sunscreen ingredient.

71.     Plaintiff Schneider and members of the California Consumer Subclass have justifiably relied on Defendants' misleading representations when purchasing the Products. Moreover, based on the materiality of Defendants' misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff Schneider and members of California Consumer Subclass.

72.     Plaintiff Schneider and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendants because they would have paid

significantly less for the Products, or would not have purchased them at all, had they known the truth about them.

73.     Under Cal. Civ. Code § 1782, on September 12, 2022, Plaintiff Schneider sent a notice letter by certified mail to Defendants, notifying them of her intent to pursue a claim for damages under the CLRA (as well as other statutes) on behalf of herself and all others similarly situated, and gave Defendants an opportunity to cure, consistent with Cal. Civ. Code § 1782. More than 30 days has passed since Defendants' receipt of the notice letter, yet Defendants have not cured their deceptive conduct. As such, Plaintiff Schneider seeks damages under the CLRA, as well all other available remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of California's False Advertising Law**
**California Business & Professions Code § 17500***, et seq*
(***For the California Class***)

74.     Plaintiff Schneider repeats the allegations contained in paragraphs 1-45 above as if fully set forth herein.

75.     Plaintiff Schneider brings this claim individually and on behalf of the members of the proposed California Class against Defendants pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

76.     The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

28

77. Defendants have represented and continue to represent to the public, including Plaintiff Schneider and members of the proposed California Class, through their deceptive labeling and advertising, that the Products use "Transparent Zinc Oxide" and/or are "Mineral-Based." However these representations are misleading because the Products contain significant levels of chemical active sunscreen ingredients. Because Defendants have disseminated misleading information regarding the Products, and Defendants know, knew, or should have known through the exercise of reasonable care that the representations were and continue to be false and misleading, Defendants have violated the FAL.

78. As a result of Defendants' false advertising, Defendants have and continue to unlawfully obtain money from Plaintiff and members of the California Class. Plaintiff Schneider therefore requests that the Court cause Defendants to restore this fraudulently obtained money to her and members of the proposed California Class, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff Schneider and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

## FIFTH CLAIM FOR RELIEF
### Violation of California's Unfair Competition Law ("UCL"),
### California Business & Professions Code § 17200, *et seq.*
### (*For the California Class*)

79. Plaintiff Schneider repeats the allegations contained in paragraphs 1-45 above as if fully set forth herein.

80. Plaintiff Schneider brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

81.     The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

82.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendants' false and misleading advertising of the Products was and continues to be "unlawful" because it violates the CLRA, the FAL, the GBL and other applicable laws as described herein. As a result of Defendants' unlawful business acts and practices, Defendants have unlawfully obtained money from Plaintiff Schneider and members of the proposed California Class.

83.     Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendants' conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the labeling and advertising. Deceiving unsuspecting consumers into believing the Products are premium zinc oxide only sunscreens is of no benefit to consumers. Therefore, Defendants' conduct was and continues to be "unfair." As a result of Defendants' unfair business acts and practices, Defendants have and continue to unfairly obtain money from Plaintiff Schneider and members of the proposed California Class.

84.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendants' conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing the Products contain only zinc oxide as the active sunscreen ingredient. Because Defendants

misled Plaintiff Schneider and members of the California Class, Defendants' conduct was "fraudulent." As a result of Defendants' fraudulent business acts and practices, Defendants have and continue to fraudulently obtain money from Plaintiff Schneider and members of the California Class.

85.     Plaintiff Schneider requests that the Court cause Defendants to restore this unlawfully, unfairly, and fraudulently obtained money to her, and members of the proposed California Class, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff Schneider and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

**SIXTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**Cal. Com. Code § 2313; N.Y. U.C.C. Law § 2-313**
(***For the California Class and New York Class***)

86.     Plaintiffs repeat the allegations contained in paragraphs 1-45 above as if fully set forth herein.

87.     Plaintiffs bring this claim individually and on behalf of the members of the California Class and New York Class against Defendants.

88.     Both California's and New York's express warranty statutes provide that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313(1); N.Y. U.C.C. Law § 2-313(1).

89.     Defendants have expressly warranted that the Products use "Transparent Zinc Oxide" and/or are "Mineral-Based," representations which together create an express warranty that the sole sunscreen active ingredient in the Products is zinc oxide. However, these representations are false and misleading because the Products contain significant levels of chemical sunscreen ingredients.

90.      The foregoing representations about the Products are: (a) affirmations of fact or promises made by Defendants to consumers that the sole sunscreen active ingredient in the Products is zinc oxide; (b) became part of the basis of the bargain to purchase the Products when Plaintiffs and other consumers relied on the representations; and (c) created an express warranty that the Products would conform to the affirmations of fact or promises. In the alternative, the representations are descriptions of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product descriptions.

91.     Plaintiffs and members of the California Class and New York Class reasonably and justifiably relied on the foregoing express warranties, believing that the Products did in fact conform to those warranties.

92.     Defendants have breached the express warranties made to Plaintiffs and members of the California Class and New York Class because the Products use significant amounts of chemical sunscreen ingredients.

93.     Plaintiffs and members of the California Class and New York Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiffs and members of the California Class and New York Class had known of the true nature of the Products, they would not have been willing to pay the premium price associated

32

with them. As a result, Plaintiffs and members of the California Class and New York Class suffered injury and deserve to recover all damages afforded under the law.

94.     On or around September 2022, Plaintiff Schneider discovered this breach of express warranty, and on September 12, 2022, Plaintiff Schneider sent a notice letter by certified mail to Defendants, notifying Defendants of the breach. On or around November 2022, Plaintiff Opgenorth discovered this breach of express warranty, and on November 23, 2022, Plaintiff Opgenorth sent a notice letter by certified mail to Defendants, notifying Defendants of the breach.

### SEVENTH CLAIM FOR RELIEF
**Breach of Implied Warranty**
**Cal. Com. Code § 2314;**
(*For the California Class*)

95.     Plaintiff Schneider repeat the allegations contained in paragraphs 1-45 above as if fully set forth herein.

96.     Plaintiff Schneider brings this claim individually and on behalf of the members of the California Class against Defendants.

97.     California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Cal. Com. Code § 2314(1).

98.     California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

99.     Defendants are merchants with respect to the sale of Products. Therefore, a

warranty of merchantability is implied in every contract for sale of the Products to California consumers.

100.   By advertising the Products with the representations outlined herein, Defendants made an implied promise that the sole sunscreen active ingredient in the Products is zinc oxide. However, the Products have not "conformed to the promises…made on the container or label" because the Products contain significant levels of chemical sunscreen ingredients. Plaintiff, as well as other California consumers, did not receive the goods as impliedly warranted by Defendants to be merchantable. Therefore, the Products are not merchantable under California law and Defendants have breached their implied warranty of merchantability in regard to the Products.

101.   If Plaintiff Schneider and members of the California Class had known that the Products' were falsely and deceptively labeled and advertised, they would not have been willing to pay the premium price associated with them. Therefore, as a direct and/or indirect result of Defendants' breach, Plaintiff Schneider and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

102.   On or around September 2022, Plaintiff Schneider discovered this breach of implied warranty, and on September 12, 2022, Plaintiff sent a notice letter by certified mail to Defendants, notifying Defendants of the breach.

## EIGHTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
(*for the Nationwide Class; alternatively, for the California Class and New York Class*)

103.   Plaintiffs repeat the allegations contained in paragraphs 1-45 above as if fully set forth herein.

104.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendants. Alternatively, Plaintiffs bring this claim individually and on behalf of the members of the proposed California Class and New York Class against Defendants.

105.    As alleged herein, Defendants have intentionally and recklessly made misleading representations to Plaintiffs and members of the Classes to induce them to purchase the Products. Plaintiffs and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendants through the Products' representations. Plaintiffs and members of the proposed Classes have therefore been induced by Defendants' misleading and deceptive representations about the Products, and paid more money to Defendants for the Products than they otherwise would and/or should have paid.

106.    Plaintiffs and members of the proposed Classes have conferred a benefit upon Defendants as Defendants have retained monies paid to them by Plaintiffs and members of the proposed Classes.

107.    The monies received were obtained under circumstances that were at the expense of Plaintiffs and members of the proposed Classes—i.e., Plaintiffs and members of the proposed Classes did not receive the full value of the benefit conferred upon Defendants. Therefore, it is inequitable and unjust for Defendants to retain the profit, benefit, or compensation conferred upon them.

108.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs and members of the proposed Classes are entitled to restitution, disgorgement, and/or the

imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants from their deceptive, misleading, and unlawful conduct as alleged herein.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the proposed Classes, respectfully prays for following relief:

A.      Certification of this case as a class action on behalf of the proposed Classes defined above, appointment of Plaintiffs as Class representatives, and appointment of their counsel as Class Counsel;

B.      A declaration that Defendants' actions, as described herein, violate the claims described herein;

D.      An award to Plaintiffs and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiffs and the proposed Classes as a result of their unlawful, unfair and fraudulent business practices described herein;

E.      An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendants' conduct;

F.      An award of nominal, punitive, and statutory damages;

H.      An award to Plaintiffs and their counsel of reasonable expenses and attorneys' fees;

I.      An award to Plaintiffs and their proposed Classes of pre and post-judgment interest, to the extent allowable; and

J.      For such further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the proposed Classes, hereby demand a jury trial with respect to all issues triable of right by jury.

DATED: December 1, 2022

CUSTODIO & DUBEY, LLP

By: _____ /s/ *Robert Abiri* _____

Robert Abiri (SBN 238681)
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899
abiri@cd-lawyers.com

TREEHOUSE LAW, LLP
Benjamin Heikali (*pro hac vice forthcoming*)
10250 Constellation Blvd., Suite 100
Los Angeles, CA 90067
Telephone: (310) 751-5948
bheikali@treehouselaw.com

*Attorneys for Plaintiffs and the Putative Class*