**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------  x

Amy Schneider and Erika Opgenorth, on
behalf of themselves and all others similarly
situated,

                        Plaintiffs,

        v.

Colgate-Palmolive Company and CP Skin
Health Group, Inc.,

                    Defendants.

     CASE NO. 5:22-cv-01294-DNH-TWD

---------------------------------------------------------  x

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................. 1

II.  STATEMENT OF FACTS .................................................................................... 2

III. LEGAL STANDARD ........................................................................................... 4

IV.  ARGUMENT ........................................................................................................ 4

        A.   Plaintiffs' GBL, CLRA, FAL, And UCL Claims Are Adequately Pled................. 4

                1.   The Reasonable Consumer Standard................................................ 4

                2.   Plaintiffs Have Plausibly Alleged That Reasonable Consumers Are Likely To Be Deceived .......................................................................... 6

        B.   Plaintiffs Need Not Allege Knowledge Or Scienter For The California UCL, FAL, And CLRA Claims ...................................................................... 13

        C.   Plaintiffs' Express Warranty Claims Have Been Adequately Pled ...................... 14

        D.   The Social Media Advertisements Support Plaintiffs' Allegations...................... 16

        E.   Plaintiff Schneider Has Adequately Alleged Breach of Implied Warranty .......... 17

        F.   Plaintiffs' Unjust Enrichment Claim Survives For The Nationwide Class .......... 19

        G.   Plaintiffs Have Adequately Alleged Injury Under California and New York Law ............................................................................................................. 24

V.   CONCLUSION ................................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Starbucks Corp.*,
   No. SACV20-00225 JVS(KESX), 2020 WL 4196248 (C.D. Cal. July 9, 2020) ......................9

*Allen v. Hylands, Inc.*,
   No. CV 12-01150 DMG MANX, 2012 WL 1656750 (C.D. Cal. May 2, 2012).....................18

*Anderson News, L.L.C. v. Am. Media, Inc.*,
   680 F.3d 162 (2nd Cir. 2012)...................................................................................12

*Anderson v. Unilever United States, Inc.*,
   No. 21-CV-3117 (KMK), 2022 WL 2181575 (S.D.N.Y. June 16, 2022) ...............................24

*Arthur v. United Indus. Corp.*,
   No. 217CV06983CASSKX, 2018 WL 2276636 (C.D. Cal. May 17, 2018) ...........................12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).......................................................................................4, 25

*Ashour v. AriZona Beverages USA LLC*,
   No. 19 CIV. 7081 (AT), 2022 WL 14038713 (S.D.N.Y. Oct. 24, 2022) ....................19, 21, 22

*Ashton v. J.M. Smucker Co.*,
   No. EDCV20992JGBSHKX, 2020 WL 8575140 (C.D. Cal. Dec. 16, 2020) ........................19

*Astiana v. Ben & Jerry's Homemade, Inc.*,
   No. C 10- 4387 PJH, 2011 WL 2111796 (N.D. Cal. May 26, 2011) ......................................14

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015) ....................................................................................22

*Ault v. J.M. Smucker Co.*,
   2014 WL 1998235 (S.D.N.Y. May 15, 2014) ...................................................................15

*Axon v. Florida's Nat. Growers, Inc.*,
   813 F. App'x 701 (2d Cir. 2020) ................................................................................25

*Banh v. Am. Honda Motor Co., Inc.*,
   No. 2:19-CV-05984-RGK-AS, 2020 WL 4390371 (C.D. Cal. July 28, 2020) ......................13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................4

*Bell v. Publix Super Markets, Inc.*,
    982 F.3d 468 (7th Cir. 2020) ................................................................................11

*Beluca Ventures LLC v. Aktiebolag*,
    No. 21-CV-06992-WHO, 2022 WL 3579879 (N.D. Cal. Aug. 19, 2022) .............................21

*Blessing v. Sirius XM Radio Inc.*,
    756 F.Supp.2d 445 (S.D.N.Y. 2010)........................................................................22

*Broomfield v. Craft Brew All., Inc.*,
    No. 17-CV-01027-BLF, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017) ..................................22

*Brown v. Hain Celestial Grp., Inc.*,
    913 F. Supp. 2d 881 (N.D. Cal. 2012) ....................................................................14

*Buonasera v. The Honest Co., Inc.*,
    208 F. Supp. 3d 555 (S.D.N.Y. 2016)......................................................................16

*Casey v. Sumitomo (SHI) Cryogenics of Am., Inc.*,
    No. 19-cv-00937-CAB-BGS, 2019 WL 3817952 (S.D. Cal. Aug. 14, 2019) .........................17

*Colpitts v. Blue Diamond Growers*,
    527 F. Supp. 3d 562 (S.D.N.Y. 2021)......................................................................25

*Cooper v. Anheuser-Busch, LLC*,
    553 F. Supp. 3d 83 (S.D.N.Y. 2021)................................................................6, 9, 12

*Daniels–Hall v. Nat'l Educ. Ass'n*,
    629 F.3d 992 (9th Cir. 2010) ...............................................................................12

*de Dios Rodriguez v. Ole Mexican Foods Inc.*,
    No. 20-cv-2324-JGBSPx, 2021 WL 1731604 (C.D. Cal. Apr. 22, 2021) ...........................5, 18

*Delgado v. Ocwen Loan Servicing, LLC*,
    13-CV-4427, 2017 WL 5201079 (E.D.N.Y. Nov. 9, 2017) ..................................................20

*Fagan v. Neutrogena Corp.*,
    No. 5:13-CV-01316-SVW-OP, 2014 WL 92255 (C.D. Cal. Jan. 8, 2014) .............................11

*Fink v. Time Warner Cable*,
    714 F.3d 739 (2d Cir. 2013)..................................................................................5

*Fishon v. Peloton Interactive, Inc.*,
    2020 WL 6564755 (S.D.N.Y. Nov. 9, 2020).................................................................24

*Forcellati v. Hyland's, Inc.*,
    876 F. Supp. 2d 1155 (C.D. Cal. 2012) ....................................................................23

iii

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
No. 12-MD-2413-RRM-RLM, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ........................5

*Gagetta v. Walmart, Inc.*,
No. 3:22-CV-03757-WHO, 2022 WL 17812924 (N.D. Cal. Dec. 19, 2022)..............20, 21, 25

*Gregorio v. Clorox Co.*,
No. 17-CV-03824-PJH, 2018 WL 732673 (N.D. Cal. Feb. 6, 2018) ......................................18

*Hadley v. Kellogg Sales Co.*,
273 F. Supp. 3d 1052 (N.D. Cal. 2017) ................................................................................16

*Hesse v. Godiva Chocolatier, Inc.*,
463 F. Supp. 3d 453 (S.D.N.Y. 2020)...............................................................................5, 6, 9

*Hollman v. Taser Int'l Inc.*,
928 F. Supp. 2d 657 (E.D.N.Y. 2013) ..................................................................................14

*In re Hydroxycut Mktg. & Sales Pracs. Litig.*,
299 F.R.D. 648 (S.D. Cal. 2014) ....................................................................................13, 14

*Jones v. Nutiva, Inc.*,
No. 16-cv-00711-HSG, 2016 WL 5210935 (N.D. Cal. Sept. 22, 2016)..................................17

*Kacocha v. Nestle Purina Petcare Co.*,
No. 15-CV-5489-KMK, 2016 WL 4367991 (S.D.N.Y. Aug. 12, 2016) .............................5, 25

*Kasky v. Nike, Inc.*,
27 Cal. 4th 939 (2002) .........................................................................................................9

*Keith v. Buchanan*,
173 Cal. App. 3d 13 (1985) ..................................................................................................18

*Kutza v. Williams-Sonoma, Inc.*,
No. 18-CV-03534-RS, 2018 WL 5886611 (N.D. Cal. Nov. 9, 2018) ......................................9

*Langan v. Johnson & Johnson Consumer Companies, Inc.*,
95 F. Supp. 3d 284 (D. Conn. 2015).................................................................................11, 12

*Locklin v. StriVectin Operating Co., Inc.*,
No. 21-CV-07967-VC, 2022 WL 867248 (N.D. Cal. Mar. 23, 2022).....................................11

*Maisel v. S.C. Johnson & Son, Inc.*,
No. 21-CV-00413-TSH, 2021 WL 1788397 (N.D. Cal. May 5, 2021)
....................................................................................................................6, 10, 11, 18

*Mantikas v. Kellogg Co.*,
    910 F.3d 633 (2d Cir. 2018)...............................................................................................10, 11

*Marcus v. AT&T Corp.*,
    138 F.3d 46 (2d Cir. 1998).........................................................................................................5

*McCracken v. Verisma Sys., Inc.*,
    No. 6:14-CV-06248(MAT), 2017 WL 2080279 (W.D.N.Y. May 15, 2017),
    *reconsideration denied*, 2018 WL 4095104 (W.D.N.Y. Aug. 28, 2018) ................................20

*McDonnell Douglas Corp. v. Thiokol Corp.*,
    124 F.3d 1173 (9th Cir. 1997) ................................................................................................16

*Michael v. Honest Co., Inc.*,
    No. LACV1507059JAKAGRX, 2016 WL 8902574 (C.D. Cal. Dec. 6, 2016)...................8, 19

*Moran v. Bondi Sands (USA) Inc.*,
    No. 21-CV-07961-JSW, 2022 WL 1288984 (N.D. Cal. Apr. 29, 2022) .................................11

*Nuss v. Sabad*,
    No. 7:10-CV-0279, 2016 WL 4098606 (N.D.N.Y. July 28, 2016) .........................................20

*Pichardo v. Only What You Need, Inc.*,
    2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020) .........................................................................24

*Prescott v. Bayer HealthCare LLC*,
    No. 20-CV-00102-NC, 2020 WL 4430958 (N.D. Cal. July 31, 2020).........................6, 11, 12

*Przybylak v. Bissell Better Life LLC*,
    No. CV 19-2038 PA, 2019 WL 8060076 (C.D. Cal. July 19, 2019) ......................................18

*Rapoport-Hecht v. Seventh Generation, Inc.*,
    No. 14-CV-9087 (KMK), 2017 WL 5508915 (S.D.N.Y. Apr. 28, 2017) ...............................23

*Reid v GMC Skin Care USA Inc.*,
    815CV277BKSCFH, 2016 WL 403497 (N.D.N.Y. Jan. 15, 2016).......................................23

*Robinson v. Unilever United States, Inc.*,
    No. CV173010DMGAJWX, 2019 WL 2067941 (C.D. Cal. Mar. 25, 2019).........................11

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007).......................................................................................................4

*Rushing v. Williams-Sonoma, Inc.*,
    No. 16-CV-01421-WHO, 2016 WL 4269787 (N.D. Cal. Aug. 15, 2016) ..............................21

*In re S.C. Johnson & Son, Inc. Windex Non-Toxic Litig.*,
  No. 20-CV-03184-HSG, 2021 WL 3191733 (N.D. Cal. July 28, 2021) ................................11

*Schwartz v. Lights of Am.*,
  No. CV 11- 1712-JVS MLGX, 2012 WL 4497398 (C.D. Cal. Aug. 31, 2012) ......................13

*Silva v. Smucker Nat. Foods, Inc*.,
  No. 14-CV-6154 (JG) (RML), 2015 WL 5360022 (E.D.N.Y. Sept. 14, 2015).......................16

*Singleton v. Fifth Generation, Inc.,*
  2016 WL 406295 (N.D.N.Y. Jan. 12, 2016).....................................................................15, 25

*Sitt v. Nature's Bounty, Inc.*,
  No. 15-CV-4199 (MKB), 2016 WL 5372794 (E.D.N.Y. Sept. 26, 2016)................................9

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ...........................................................................................12

*Stoltz v. Fage Dairy Processing Indus., S.A*.,
  No. 14-cv-3826-MKB, 2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015)....................................6

*Swingless Golf Club Corp. v. Taylor*,
  679 F. Supp. 2d 1060 (N.D. Cal. 2009) ................................................................................14

*Trend & Style Asia HK Co. v. Pac. Worldwide, Inc.*,
  No. 14-CV-9992 SAS, 2015 WL 4190746 (S.D.N.Y. July 10, 2015)....................................19

*Tucker v. Post Consumer Brands, LLC*,
  2020 WL 1929368 (N.D. Cal. Apr. 21, 2020) ......................................................................10

*In re Vizio, Inc., Consumer Priv. Litig*.,
  238 F. Supp. 3d 1204 (C.D. Cal. 2017) ...............................................................................21

*Warner v. StarKist Co.*,
  No. 118CV406GLSATB, 2019 WL 1332573 (N.D.N.Y. Mar. 25, 2019) .............................20

*In re Welspun Litig*.,
  No. 16 CV 6792 (VB), 2019 WL 2174089 (S.D.N.Y. May 20, 2019)...................................13

*Williams v. Gerber Prod. Co*.,
  552 F.3d 934 (9th Cir. 2008) ....................................................................................5, 6, 11

*Woodhams v. Pfizer, Inc*.,
  No. 18-CV-3990 (JPO), 2021 WL 5304309 (S.D.N.Y. Nov. 15, 2021) ...............................23

*Zeiger v. WellPet LLC*,
  304 F. Supp. 3d 837 (N.D. Cal. 2018) .................................................................................19

**Statutes**

Cal. Comm. Code § 2313(1) ................................................................................................................14

N.Y. GBL §§ 349 and 350 .................................................................................................... *passim*

N.Y. U.C.C. § 2–313(1) ......................................................................................................................14

Fed. R. Civ. P. 8 ..................................................................................................................................14

Fed. R. Civ. P. 8(a)(3) ................................................................................................................19, 21

Fed. R. Civ. P. 9(b) ........................................................................................................................13, 14

Fed. R. Civ. P. 12(b)(6) .......................................................................................................................4

Amy Schneider and Erika Opgenorth ("Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully submit this Opposition to Colgate-Palmolive Company's and CP Skin Health Group, Inc.'s ("Defendants") Motion to Dismiss ("Motion" or "Mot.").

## I. **<u>INTRODUCTION</u>**

Consumers are increasingly turning to mineral sunscreens, such as those made with zinc oxide, as a replacement for chemical sunscreens, which can be detrimental to the body and the environment. To capitalize on this demand, Defendants market and sell sunscreens advertised as using "Zinc Oxide" and being "Mineral-Based." Unbeknownst to consumers, Defendants' sunscreens are not made with solely zinc oxide or mineral-based ingredients. Indeed, some of the challenged sunscreens contain *more* harmful chemical sunscreen ingredients than zinc oxide. As such, Defendants' marketing and labeling of the sunscreens are misleading and violate various consumer protection laws.

In their Motion, Defendants contend that no reasonable consumer can possibly be misled by the "Zinc Oxide" and "Mineral-Based" representations because they are "factually true." Mot. at 2. But this argument is wholly inconsistent with California and New York law, which prohibit representations which may be factually true, but *misleading* nonetheless. Indeed, courts addressing similar claims (e.g., "mineral based" and "mineral ingredients") on sunscreens and other consumer goods have denied motions to dismiss. Defendants also contend that the back-label ingredients and disclosures buried on the sunscreen Amazon.com pages somehow cure the misleading "Zinc Oxide" and "Mineral-Based" representations as a matter of law. However, that argument has been expressly rejected by the Second and Ninth Circuits, and ensuing courts.

For these reasons, and as further outlined below, Plaintiffs respectfully request that the Court deny Defendants' Motion.

II.     **STATEMENT OF FACTS**

This putative class action seeks to challenge Defendants' false and deceptive practices in the labeling, advertising, and sale of their EltaMD Transparent Zinc Oxide sunscreens.[1] ECF No. 1, Class Action Complaint ("Compl.") ¶ 1. Consumers have increasingly turned to "physical" or "mineral" sunscreen ingredients, such as zinc oxide and titanium dioxide, as a replacement for chemical sunscreens to protect themselves from the sun. *Id.* ¶ 30. As opposed to chemical-based sunscreen ingredients (such as octinoxate, octisalate, and octocrylene) which are absorbed into the skin, mineral sunscreen ingredients sit on the surface of the skin as an invisible "physical" layer, therefore stopping most UV rays before they have a chance to penetrate the body. *Id*. In contrast, chemical sunscreen ingredients can penetrate the skin and enter the bloodstream, causing irritation to those with sensitive or acne prone skin, as well as potential hormonal disruption and the production of dangerous free radicals. *Id.* ¶ 31. Accordingly, seeking sunscreens made with only zinc oxide as the active ingredient is material to consumers' purchasing decisions. *Id.* ¶ 30.

Unfortunately for consumers, to capitalize on consumer demand for premium mineral sunscreens, Defendants engage in false advertising to boost sales and increase profits for the Products. *Id*. ¶ 16. Specifically, although manufacturers are not required to disclose any active sunscreen ingredient(s) on the front label of sunscreens, the front label of the Products prominently claim that the Products use "Transparent Zinc Oxide." *Id*. ¶ 17 (depicting front label). Moreover,

---

[1] The products at issue are: (1) EltaMD UV Daily Broad-Spectrum SPF 40 Transparent Zinc Oxide; (2) EltaMD UV Daily Broad-Spectrum SPF 40 Transparent Zinc Oxide, Tinted; (3) EltaMD UV Clear Broad-Spectrum SPF 46 Transparent Zinc Oxide; (4) EltaMD UV Clear Broad-Spectrum SPF 46 Transparent Zinc Oxide, Tinted; (5) EltaMD UV Sport Broad-Spectrum SPF 50 Transparent Zinc Oxide; (6) EltaMD UV Sheer Broad-Spectrum SPF 50+ Transparent Zinc Oxide; (7) EltaMD UV Lotion Broad-Spectrum SPF 30+ Transparent Zinc Oxide; (8) EltaMD UV Facial Broad-Spectrum SPF 30+ Transparent Zinc Oxide; and (9) EltaMD UV Lip Balm Broad-Spectrum SPF 36 Transparent Zinc Oxide (collectively, the "Product(s)"). *Id.* ¶ 15.

the front label of each Product fails to list or disclose any active *sunscreen* ingredient(s) other than "Zinc Oxide." *Id.* ¶¶ 17-18. Based on these representations, reasonable consumers purchasing the Products are led to believe that the only active sunscreen ingredient in the Products is zinc oxide. *Id.* ¶ 19. If more were needed, on the Amazon.com pages for some of the Products, the Products are advertised as being "Mineral-Based" in the product names/titles. *Id.* ¶ 20 (depicting example of Amazon.com advertising). The Product names/titles, again, do not reference any *sunscreen* active ingredient except for "Zinc Oxide." *Id.* Contrary to their labeling and advertising however, nearly half of each Products' active sunscreen ingredients are chemical sunscreen ingredient(s), such as octinoxate, octisalate and octocrylene. *Id.* ¶ 21. Indeed, nearly half of the Products contain *a larger amount of chemical sunscreen ingredients than zinc oxide*. *Id.* ¶¶ 21-23.

Plaintiffs purchased the Products on Amazon.com, and based on the words "Zinc Oxide" on the front label of the Products depicted, as well as the phrase "Mineral-Based" in the Amazon.com title/name of the Products, reasonably believed that Products contained only zinc oxide as the active sunscreen ingredient. *Id.* ¶¶ 9-10. Had they known that the Products contained chemical sunscreen ingredients, they would not have purchased them, or would have paid significantly less for them. *Id.* As a result, Plaintiffs have been injured as a direct result of Defendants' conduct. *Id*. However, Plaintiffs are not the only consumers to have been deceived and injured. *Id.* ¶ 29. Indeed, numerous customers have taken to Defendants' Amazon.com pages for the Products to complain that the labeling and advertising of the Products is deceptive. *Id.* (listing approximately 40 customer complaints on Amazon.com).

Plaintiffs, on behalf of themselves and other class members, bring claims under New York's General Business Law §§ 349 and 350 ("GBL"), California's Consumers Legal Remedies Act ("CLRA"), California's Unfair Competition Law ("UCL"), and California's False Advertising

3

Law ("FAL"), as well as for breach of express warranty under California and New York law, breach of implied warranty under California law, and unjust enrichment. *Id.* ¶¶ 46-108.

## III.    LEGAL STANDARD

In addressing a motion to dismiss a complaint under Rule 12(b)(6), a court must "accept the complaint's factual allegations, and all reasonable inferences that can be drawn from those allegations in the plaintiff's favor, as true." *Roth v. Jennings*, 489 F.3d 499, 501 (2d Cir. 2007). The notice pleading standard of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In fact, "[t]he pleading of additional evidence, beyond what is required to enable the defendant to respond, is not only unnecessary, but in contravention of proper pleading procedure." *Roth*, 489 F.3d at 512 (internal quotations and alteration omitted). At this stage, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).

## IV.    ARGUMENT

### A.    Plaintiffs' GBL, CLRA, FAL, And UCL Claims Are Adequately Pled

#### 1.    The Reasonable Consumer Standard

Plaintiffs' GBL, CLRA, UCL, and FAL claims are all governed by the reasonable consumer standard. *Marcus v. AT&T Corp.*, 138 F.3d 46, 64 (2d Cir. 1998); *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Under that standard, ***at trial***, plaintiffs must only

4

show that consumers are likely to be deceived by the challenged representations. *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013); *Williams*, 552 F.3d at 938. Therefore, at this juncture, dismissal is only appropriate in "rare situation[s]," and only if viewing the facts in the light most favorable to plaintiff, it is "'impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived.'" *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 467 (S.D.N.Y. 2020) (emphasis added) (adopting *Williams*' "rare situation" and "impossible" standards); *de Dios Rodriguez v. Ole Mexican Foods Inc.*, No. 20-cv-2324-JGBSPx, 2021 WL 1731604, at *2, 3, 5 (C.D. Cal. Apr. 22, 2021) (quoting *Williams*, 552 F.3d at 939).

For these reasons, courts have recognized that "whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F. 3d at 938; *Kacocha v. Nestle Purina Petcare Co.*, No. 15-CV-5489-KMK, 2016 WL 4367991, at *14 (S.D.N.Y. Aug. 12, 2016) (holding that "ample case law exists allowing § 349 claims over allegedly deceptively labeled consumer goods to progress beyond the motion-to-dismiss stage, largely based on the view that the question of what might deceive the reasonable consumer is a question of fact") (citing cases).

Thus, for the Court to grant Defendants' motion to dismiss, Defendants must meet the "heavy burden of 'extinguish[ing] the possibility' that a reasonable consumer could be misled." *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413-RRM-RLM, 2013 WL 4647512, at *16 (E.D.N.Y. Aug. 29, 2013) (citation omitted). For "dismissal as a matter of law based on the reasonable consumer prong" to be warranted, "the allegations in this case" must be "patently implausible." *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-cv-3826-MKB, 2015 WL 5579872, at *20 (E.D.N.Y. Sept. 22, 2015) (emphasis added); *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 95 (S.D.N.Y. 2021) ("At this stage of the case, however, [dismissal] is

5

appropriate only if Plaintiffs' claims are 'patently implausible' or 'unrealistic.'") (citation omitted).

2.    Plaintiffs Have Plausibly Alleged That Reasonable Consumers Are Likely To Be Deceived

This is not one of those "rare situations" where it is "impossible" for Plaintiffs to prove that a reasonable consumer is likely to be deceived by the labeling and advertising of the Products. *Hesse,* 463 F. Supp. 3d at 453; *Williams*, 552 F.3d at 939. The front label of the Products prominently represent that the Products use "Transparent Zinc Oxide," a premium mineral active sunscreen ingredient. Moreover, despite Defendants voluntarily choosing to highlight the use of "Zinc Oxide" on the front label of the Products, *no other active sunscreen ingredient* is referenced on the front label.[2] Lastly, on Amazon.com, the e-commerce sales platform from which both Plaintiffs purchased the Products, some of Products are also advertised as being "Mineral-Based," a representation which reinforces the perception that the Products contain only zinc oxide as the active sunscreen ingredient. *See Prescott v. Bayer HealthCare LLC*, No. 20-CV-00102-NC, 2020 WL 4430958, at *7-8 (N.D. Cal. July 31, 2020) (holding that "mineral-based" claim on sunscreen could mislead reasonable consumers into believing "that the product contains no chemical active ingredients."); *Maisel v. S.C. Johnson & Son, Inc.*, No. 21-CV-00413-TSH, 2021 WL 1788397, at *1 (N.D. Cal. May 5, 2021) (holding that representations such as "With plant-based and mineral ingredients" on dishwasher tablets could plausibly deceive consumers into believing the tablets

---

[2] While Defendants note that other ingredients (e.g., "hyaluronic acid") are sometimes referenced on the front label (Mot. at 2, 5) those ingredients are not UV blocking sunscreen ingredients. As such, they have no bearing on whether consumers expect zinc oxide as the sole active *sunscreen* ingredient.

contain "only contain ingredients that come from plants and/or from plants and minerals.").[3]

Based on the foregoing representations, both Plaintiffs reasonably believed that the Products contained only zinc oxide as the active sunscreen ingredient.[4] But Plaintiffs are not alone in their reading of the labels and advertising. Numerous customers have taken to Amazon.com to complain about being deceived by Defendants' labeling and advertising. Indeed, the Complaint lists nearly **40 complaints** from the Amazon.com pages for the Products, some of which are reproduced below (Compl. ¶ 29):

★☆☆☆☆ **Advertised as Mineral Sunscreen. But it's not.**
By B. Paulson on November 2, 2022
The description says over & over that this is mineral sunscreen, contains zinc oxide, etc. But you really need to dig to find out that it also contains Oxinocate, which is a chemical sunscreen. I unfortunately did not realize this until I received it in the mail so it's being returned. see less

★★☆☆☆ **Contains chemical sunscreen**
By Amazon Customer on September 22, 2022
I love Elta MD products. I read the description that says mineral/zinc based which I trusted to mean no chemical sunscreen. Big mistake. Been dealing with dermatitis (which I get from prolonged use of chemical sunscreen) and in my attempts to figure out the culprit, read the ingredients which include octixonate. Might not bother most, but those with reactive/sensitive skin beware. Especially since this is marketed as sensitive/rosasea prone skin sage. see less

★☆☆☆☆ **False Advertisement - Also contains octinoxate**
By Anh Le on March 19, 2021
This product was heavily marketed as a mineral based sunscreen. The active ingredients contain both zinc oxide and octinoxate. Octinoxate is a chemical sunscreen and is a hormone disruptor. see less

★☆☆☆☆ **Very Misleading - Contains chemical Octinoxate 7.5%**
By Jac_and_Jen on May 22, 2021
The product claims it's a safe, mineral based sunscreen but actually the main ingredient is Octinoxate (7.5%), a CHEMICAL sunscreen that gets absorbed into your cells and changes the way it reacts to the sun. see less

---

[3] Defendants' only attempt to rebut these cases is their conclusory argument that "the reasoning in those non-binding decisions is not persuasive and does not support Plaintiffs' claims here." Mot. at n. 2.

[4] Defendants do sell sunscreens made exclusively with zinc oxide as the active sunscreen ingredient (and thus, no active chemical ingredients), and use the exact same zinc representations. *See* Compl. ¶ 27.

7

★☆☆☆☆ "Mineral Base" is Misleading

By RG on August 22, 2019

I thought I was buying a mineral based product with zinc oxide, only. After I received it and read the ingredients, I found out that it also contains Octinoxate, 7.5% and Octisalate, 5%.Octinoxate, and many other things I can't pronouce. This is from Women's Health Magazine;

One of the most common ingredients found in sunscreens with SPF, octinoxate is readily absorbed by our skin and helps other ingredients to be absorbed more readily. While allergic reactions from octinoxate aren't common, hormone disruption is: the chemical's effects on estrogen can be harmful for humans and wildlife, too, should they come into contact with the chemical once it gets into water. Though SPF products are designed to protect skin from sun-induced aging, octinoxate may actually be a culprit for premature aging, as it produces menacing free radicals that can damage skin and cells.

I read and reread the Amazon webpage and the other ingredients are never mentioned. Only "mineral based" and "zinc oxide. Maybe this doesn't bother you, but it should. Over the last few decades, the numbers of people diagnosed with skin cancer has risen sharply. At the same time, so has the use of sunscreen. Hmmmmmm see less

★☆☆☆☆ Chemical sunscreen

By christine cepeda on August 22, 2022

I came upon this brand as a good alternative to chemical sunscreen. I did not know this is a chemical sunscreen and burned my skin horribly because of the ingredient oxtinoate. Which they chose to not put on the front label. Hurts so bad see less

★☆☆☆☆ Unsafe for humans and marine life!

By spud on August 16, 2021

Description is VERY misleading... It says mineral 'based', but in addition to zinc oxide, it also contains Octinoxate 7.5%, which is a chemical sunscreen. This info appears no where in this description. Octinoxate is unsafe for humans and our marine life!! Octinoxate, an established endocrine disruptor, rated 5 by EWG. Sunscreens containing octinoxate are now banned in Hawaii. Octinoxate is also called Octyl methoxycinnamate or (OMC). see less

★☆☆☆☆ It's not 100% mineral sunscreen

By Francisco Ricardo Rodrigues de… on October 9, 2021

I purchased because I thought it was 100% mineral sunscreen but It actually has octinoxate and octisalate which are 2 sunscreen filter with unreliable safety data. So very disappointing that it doesn't show on the description here at Amazon which led to purchase it wrongfully. see less

★★☆☆☆ It has mineral based filters but also has Octinoxate and octisalate. Don't be misled!!!

By Helloisitme on July 26, 2021

Don't know why the ingredients list is buried in this product listing but this is not a true mineral sunblock! If you have sensitive skin, this can still give you reactions. I tested this on my arms and it completely made me break out. So please don't blindly trust the labels that it's "good for sensitive skin", etc and check out the ingredients!! see less

★★☆☆☆ Misleading. This is NOT a mineral-based lotion.

By JN on May 4, 2022

100% of the information in the Amazon entry is that this is a mineral-based zinc oxide sunscreen.

However, on receipt of the lotion, it's clear that it contains several chemical sun blocking active ingredients too.

Given that people are buying this sunscreen SPECIFICALLY for being a mineral-based sun block WITHOUT chemical sun blocks, this is *highly misleading*.

Being misleading is the last thing you want from a health product, so do yourself a favor and pick another brand. see less

These complaints support the plausibility of Plaintiffs' allegations. *See Michael v. Honest Co., Inc.*, No. LACV1507059JAKAGRX, 2016 WL 8902574, at *15 (C.D. Cal. Dec. 6, 2016) (considering customer reviews on the sunscreen's Amazon webpages in determining whether other

8

consumers had the same experiences as plaintiffs); *Adams v. Starbucks Corp.*, No. SACV20-00225 JVS(KESx), 2020 WL 4196248, at *5 (C.D. Cal. July 9, 2020) (holding that consumer comments on TopClassActions.com website "suggest that many consumers have actually been deceived by Starbucks' practices.")

Given the common sense reading of the label and advertising, Plaintiffs' experiences with the Products, numerous customer complaints on this precise issue, and the relevant authority on the issue, Plaintiffs' claims are not "patently implausible" or "unrealistic" to warrant dismissal. *Cooper*, 553 F. Supp. 3d at 95. Nor is it "impossible" for Plaintiffs to prove that a reasonable consumer is likely to be deceived. *Hesse*, 463 F. Supp. 3d at 453.

In response, Defendants' chief argument is that Plaintiffs' statutory claims must be dismissed because the "Zinc Oxide" and "Mineral-Based" representations are "factually true" because "[t]he Products do in fact contain zinc oxide and/or are mineral based." Mot. at 12. But even if it is "true" that the Products contain zinc oxide, Defendants read the consumer protection statutes too narrowly. Both the New York GBL and California's consumer protection statutes prohibit representations, which although may be factually true in some sense, are nonetheless misleading or have the capacity to mislead. *See Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002), as modified (May 22, 2002) (the California Supreme Court recognizing that California's consumer protection laws "prohibit not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public."); *Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199 (MKB), 2016 WL 5372794, at *14 (E.D.N.Y. Sept. 26, 2016) (rejecting defendants' argument that representations are not actionable under GBL §§ 349 and 350 simply because they may be "true"); *Kutza v. Williams-Sonoma, Inc.*, No. 18-CV-03534-RS, 2018 WL 5886611, at *4 (N.D. Cal. Nov. 9, 2018)

9

(acknowledging that while the representation "Active Ingredients Derived from Natural Sources" may be literally true, consumers could plausibly be misled into believing that the products were completely free from unnatural and/or synthetic ingredients."). Here, although the Products contain some zinc oxide, their labels and advertising are *misleading* because the Products contain an almost equal, if not greater, amount of chemical sunscreen ingredients as well.

In the same vein, Defendants also contend that the "Zinc Oxide" and "Mineral-Based" representation "are not misleading because they do not imply exclusivity." Mot. at 12; *see also* Mot. at 13. However, this precise argument has been rejected by courts in similar matters. *See Maisel*, 2021 WL 1788397, at *9 ("although the products do not make any objective representations about the amount of plant-based and mineral ingredients, it is plausible that a reasonable consumer could be deceived into thinking the products *only contain ingredients that come from plants and/or from plants and minerals*") (emphasis added); *Tucker v. Post Consumer Brands, LLC*, 2020 WL 1929368, at *5 (N.D. Cal. Apr. 21, 2020) ("Although the package does not make any objective representations about the amount of honey in the cereal, a reasonable consumer could see the prominent honey-related words and imagery and be deceived into thinking the cereal contained relatively less refined sugar and more honey.").

Lastly, to the extent Defendants contend that consumers can read the back label of the Products or scroll through the Amazon pages to dig up the full ingredients list (Mot. at 13), that argument is wholly inconsistent with the law of the Second and Ninth Circuits. *See Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018) (holding that "we cannot conclude that these disclosures on the side of the box [about the amount of whole grain in the products] render Plaintiffs' allegations of deception implausible.") (citing *Williams*, 552 F.3d at 939 ("[R]easonable consumers should [not] be expected to look beyond misleading representations on the front of the

10

box to discover the truth from the ingredient list in small print on the side of the box")); [5] *In re S.C. Johnson & Son, Inc. Windex Non-Toxic Litig.*, No. 20-CV-03184-HSG, 2021 WL 3191733, at *4 (N.D. Cal. July 28, 2021) ("A consumer should not have to launch a detailed investigation on a company's website to determine whether Defendants' prominent "non-toxic" label is accurate.").

The same principle has been consistently applied to cases challenging ingredients in sunscreens. *See e.g., Locklin v. StriVectin Operating Co., Inc.*, No. 21-CV-07967-VC, 2022 WL 867248, at *3 (N.D. Cal. Mar. 23, 2022) (adopting *Williams* in case about sunscreen ingredients); *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 95 F. Supp. 3d 284, 289 (D. Conn. 2015) (same); *Maisel*, 2021 WL 1788397, at *10 (same); *Moran v. Bondi Sands (USA) Inc.*, No. 21-CV-07961-JSW, 2022 WL 1288984, at *8 (N.D. Cal. Apr. 29, 2022) (same); *Prescott*, 2020 WL 4430958, at *8 (same); *Fagan v. Neutrogena Corp.*, No. 5:13-CV-01316-SVW-OP, 2014 WL 92255, at *2 (C.D. Cal. Jan. 8, 2014) (same).

As such, Defendants' attempt to rely on the back label ingredients list or any sort of ingredients disclosure hidden on the Amazon.com pages[6] as an automatic shield from liability is unavailing.

---

[5] To the extent Defendants contend that the front label has "potential ambiguity" and therefore consumers should confirm the ingredients elsewhere (Mot. at 13), such a position is inconsistent with *Williams* and *Mantikas*. *See Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 477 (7th Cir. 2020) (holding that the "ambiguity rule" conflicts with the law of the Second and Ninth Circuits, among other) (citing *Mantikas*, 910 F.3d at 638-39 and *Williams*, 552 F.3d at 939); *see also Robinson v. Unilever United States, Inc.*, No. CV173010DMGAJWX, 2019 WL 2067941, at *3 (C.D. Cal. Mar. 25, 2019) (declining to follow "ambiguity" rule and cases following that approach, instead following the Ninth Circuit's binding opinion in *Williams* on the ingredient list defense).

[6] In any event, Defendants' purported disclosure of the ingredients on the Amazon.com pages, which requires consumers to scroll down 5 pages worth of content to arrive at the disclosure (*see* ECF No. 16-2, Smith Decl., Ex. A at p. 5), violates the FTC's guidance on digital advertisements and disclosures. Of note, the FTC's guidance on digital advertising (the ".com Disclosures: How

11

Ultimately, "whether the phrases on defendant's sunscreen packaging are deceptive is a question of fact that is not readily susceptible to resolution on a motion to dismiss." *Langan*, 95 F. Supp. 3d at 289. At the very least, to the extent the Court finds that Defendants have set forth one interpretation of their advertising, because Plaintiffs have set forth an equally plausible (if not more plausible) interpretation of the advertising, the Court should defer to Plaintiffs' reading at this stage. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2nd Cir. 2012) ("The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule12(b)(6) motion. . . . A court ruling on such a motion may not properly dismiss a complaint that states a plausible version of the events merely because the court finds a different version more plausible."); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (same); *Cooper*, 553 F. Supp. 3d at 97 ("at the motion-to-dismiss stage, [w]here a representation is capable of two possible reasonable interpretations, the Court is not free to reject the misleading one ... simply because there is an alternative, non-misleading interpretation.") (internal quotation marks omitted); *Prescott*, 2020 WL 4430958, at *8 ("Of course, reasonable consumers may favor Defendants' preferred definitions in the context of sunscreen lotions. But on a motion to dismiss

---

to Make Effective Disclosures in Digital Advertising" https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-staff-revises-online-advertising-disclosure-guidelines/130312dotcomdisclosures.pdf) provides that advertisers "should assume that consumers don't read an entire website or online screen, just as they don't read every word on a printed page." *Id* at 6. Moreover, the FTC warns that "[d]isclosures should be placed as close as possible to the claim they qualify. Advertisers should keep in mind that ***having to scroll increases the risk that consumers will miss a disclosure*.**" *Id.* (emphasis added); *see also id.* at 10 (noting that disclosures "should be placed on the same page and ***immediately next to the claim, and be sufficiently prominent so that the claim and the disclosure are read at the same time, without referring the consumer somewhere else to obtain this important information*.**") (emphasis added). The Court can take judicial notice of FTC materials as they are publicly available information found on a government agency's website. *See Arthur v. United Indus. Corp.*, No. 217CV06983CASSKX, 2018 WL 2276636, at *4 (C.D. Cal. May 17, 2018); *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of online information "made publicly available by government entities").

and without any evidence in support of their linguistic position, the Court may not adopt Defendants' preferred construction.").

For the foregoing reasons, the Court should deny Defendants' Motion as to Plaintiffs' New York and California consumer protection claims.

### B. Plaintiffs Need Not Allege Knowledge Or Scienter For The California UCL, FAL, And CLRA Claims

Defendants also contend that Plaintiffs' California UCL, FAL, and CLRA claims fail because under Rule 9(b), Plaintiffs have not sufficiently alleged that Defendants "knew or should have known about the misrepresentations or omissions." Mot. at 13. This argument is both legally and factually incorrect. "[K]nowledge is not a requirement to maintain an action based on an ***affirmative representation*** under the consumer protection laws" of California. *In re Hydroxycut Mktg. & Sales Pracs. Litig.*, 299 F.R.D. 648, 658 (S.D. Cal. 2014) (emphasis added); *Banh v. Am. Honda Motor Co., Inc.*, No. 2:19-CV-05984-RGK-AS, 2020 WL 4390371, at *10 (C.D. Cal. July 28, 2020) ("California courts have found that neither the UCL nor the CLRA imposes a scienter requirement"); *In re Welspun Litig.*, No. 16 CV 6792 (VB), 2019 WL 2174089, at *14 (S.D.N.Y. May 20, 2019) (declining to dismiss UCL, CLRA, FAL based on failure to plead fraudulent intent, reasoning that "plaintiffs need not allege scienter to state claims under the UCL, CLRA, FAL, or for negligent misrepresentation."); *Schwartz v. Lights of Am.*, No. CV 11- 1712-JVS MLGX, 2012 WL 4497398, at *5 (C.D. Cal. Aug. 31, 2012) (recognizing that "the FAL has no scienter requirement[.]").[7] Here, Plaintiffs' theory of liability is based on affirmative misrepresentations

---

[7] The cases cited by Defendants regarding a purported knowledge requirement involve fraudulent concealment of defects and other risks, rather than affirmative misrepresentations. *See, e.g.,* Mot. at 14-15 (citing *Resnick v. Hyundai Motor Am., Inc.*, No. CV1600593BROPJWX, 2017 WL 1531192, at *1 (C.D. Cal. Apr. 13, 2017) (plaintiffs claimed Hyundai fraudulently concealed car

(i.e., the "Zinc Oxide" and "Mineral-Based" representation). As such, Plaintiffs need not allege knowledge to sufficiently allege their California UCL, FAL, and CLRA claims.[8]

### C.    Plaintiffs' Express Warranty Claims Have Been Adequately Pled

To prevail on a breach of express warranty claim under New York and California law, Plaintiffs must prove that: (1) the seller's statement constitutes an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached. *See* N.Y. U.C.C. § 2–313(1); Cal. Comm. Code § 2313(1); *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 899-900 (N.D. Cal. 2012); *Hollman v. Taser Int'l Inc.*, 928 F. Supp. 2d 657, 681 (E.D.N.Y. 2013). Plaintiffs have adequately alleged all three elements: (1) Defendants have made an affirmation of fact or promise by using the "Zinc Oxide" and

---

defect); *Morales v. Kimberly-Clark Corp.*, No. 18-CV-7401 (NSR), 2020 WL 2766050, at *6 (S.D.N.Y. May 27, 2020) (plaintiff alleged that defendant failed to warn consumers about risk of diaper rash); *Snyder v. TAMKO Bldg. Prod., Inc.*, No. 115CV01892TLNKJN, 2019 WL 4747950, at *1 (E.D. Cal. Sept. 30, 2019) (plaintiffs alleged that shingles manufactured by defendant were defective and defendant failed to disclose such defects)). As noted in *In re Hydroxycut*, "failure to disclose a defect—***and its language about awareness*** of defect arguably only applies to cases involving ***omission as opposed to active misrepresentation***." 299 F.R.D. at 658 (emphasis added).

[8] In any event, even if knowledge was a required element of these claims, allegations regarding state of mind may be alleged generally under Rule 8 lower pleading burden. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *Swingless Golf Club Corp. v. Taylor*, 679 F. Supp. 2d 1060, 1067 (N.D. Cal. 2009) ("Rule 9(b)'s heightened pleading requirements do not apply to allegations regarding an accused's state of mind— thus, knowledge need only be alleged generally to state a valid claim for fraud."). Plaintiffs' allegations meet this low hurdle. Plaintiffs alleges that as the entities responsible for the development, manufacturing, packaging, advertising, distribution and sale of the Products, Defendants knew or should have known that the Products are deceptively advertised as "Transparent Zinc Oxide" and "Mineral-Based", and that Plaintiffs and other consumers, in purchasing the Products, would rely on Defendants' representations and be deceived. Compl. ¶ 34; *Astiana v. Ben & Jerry's Homemade, Inc.*, No. C 10- 4387 PJH, 2011 WL 2111796, at *12 (N.D. Cal. May 26, 2011) (sustaining common law fraud claim based on allegation that "defendants 'knew or recklessly disregarded' the fact that their ice cream was not 'all natural,' and that they knew that the products were misleadingly labeled.").

"Mineral-Based" representations, indicating that the sole active sunscreen ingredient in the Products is zinc oxide; (2) Plaintiffs relied on these representations, which was a basis of the bargain to purchase the Products; and (3) Defendants breached the express warranty by failing to provide Products made only with zinc oxide as an active sunscreen ingredient, as reasonably expected. *See* Compl. ¶¶ 88-93.

Defendants incorrectly argue that Plaintiffs have failed to adequately plead their express warranty claims based on the conclusory determination that the stated allegations are (1) an "implausible leap" and (2) do "not create an actionable warranty…as these statements facially contain no terms of conditions upon which Plaintiffs can rely." Mot. at 16. Defendants are simply rehashing their previous arguments concerning their subjective interpretation of the challenged representations. Namely, that reasonable consumers understand "Zinc Oxide" and "Mineral-Based" as somehow indicating the presence of chemical sunscreen ingredients. As argued *supra*, reasonable consumers seek out zinc sunscreens to *avoid* chemical ingredients altogether given their harmful effects. *See* Section II, *supra;* Compl. ¶¶ 28-31, 35.[9] As such, a reasonable consumer is likely to believe the Products are made exclusively with zinc oxide based. And as alleged in the Complaint, Defendants themselves do actually sell a sunscreen that uses the *exact same* "Zinc Oxide" representation and is exclusively made with zinc oxide and no active chemical

---

[9] Courts routinely find that allegations sufficient to plead deception under consumer protection statutes are likewise sufficient to plead breach of warranty. *See*, *e.g.*, *Singleton v. Fifth Generation, Inc.*, 2016 WL 406295, at *11 (N.D.N.Y. Jan. 12, 2016) (holding that plaintiff's allegations that defendant's "handmade" liquor product label is false and reasonably misleads consumers were sufficient to state a claim under New York's consumer protection statutes and, thus, sufficient to state a claim for breach of express warranty as well); *Ault v. J.M. Smucker Co.*, 2014 WL 1998235, at * 6 (S.D.N.Y. May 15, 2014) (plaintiff's breach of warranty claim, based on defendant's "all natural" label, turned on "what a reasonable consumer's interpretation might be," and "is a matter of fact … not appropriate for decision on a motion to dismiss").

15

ingredients. *See* Compl. ¶ 27.

Indeed, courts have declined to dismiss breach of express warranty claims based on arguably less descriptive representations. For example, in *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1093 (N.D. Cal. 2017), the court denied a motion to dismiss an express warranty claim based on representations such as "[s]tart with a healthy spoonful," "nutritious," and "eat something wholesome." And, as with Plaintiffs' false advertising claims, whether a challenged representation constitutes an affirmation of fact, and therefore an express warranty, is normally a question of fact for the jury. *See McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1176 (9th Cir. 1997) ("[W]hether seller affirmed a fact amounting to an express warranty is a question of fact"); *Silva v. Smucker Nat. Foods, Inc.*, No. 14-CV-6154 (JG) (RML), 2015 WL 5360022, at \*10 (E.D.N.Y. Sept. 14, 2015) ("What a reasonable consumer's interpretation of a seller's representation might be is generally an issue of fact that is not appropriate for decision on a motion to dismiss."); *Buonasera v. The Honest Co., Inc.*, 208 F. Supp. 3d 555, 567 (S.D.N.Y. 2016) (same).

Accordingly, the Court should deny Defendants' request to dismiss Plaintiffs' breach of express warranty claims.

### D.     The Social Media Advertisements Support Plaintiffs' Allegations

Defendants object to Plaintiffs' allegations based on "advertisements identified in the Complaint that Plaintiffs do not allege they ever saw." Mot. at 17. However, these advertisements, such as references to "zinc oxide" and "Mineral Based" on Defendants' Instagram posts and YouTube advertisements (*see* Compl. ¶¶ 25-26) are not alleged as the basis for Plaintiffs' claims, but rather because they reinforce Defendants' false and deceptive message and support Plaintiffs' allegations that the on-label claims were intended to convey that the Products use only zinc oxide

16

as the active sunscreen ingredient. *Casey v. Sumitomo (SHI) Cryogenics of Am., Inc.*, No. 19-cv-00937-CAB-BGS, 2019 WL 3817952, at *2 (S.D. Cal. Aug. 14, 2019) ("allegations which contribute to a full understanding of the complaint as a whole need not be stricken.") (citation omitted). Moreover, these allegations may be relevant to class certification and other class members' experiences with the Products. *See Jones v. Nutiva, Inc.*, No. 16-cv-00711-HSG, 2016 WL 5210935, at *6 (N.D. Cal. Sept. 22, 2016) (declining to dismiss plaintiff's allegations about off-label representations, because "Plaintiff's references to Defendant's website may be relevant to class certification and absent class members' reliance.") (citing *Musgrave v. ICC/Marie Callender's Gourmet Prods. Div.*, No. 14-cv-02006-JST, 2015 WL 510919, at *11 (N.D. Cal. Feb. 5, 2015) ("even though Plaintiff has not alleged that he personally relied on Defendant's website and advertising materials, these materials may be relevant to class certification and absent class members' reliance on Defendant's promotional materials")).

In that vein, the allegations based on the social media representation support Plaintiffs' claims and therefore should not be dismissed.[10]

### E.     Plaintiff Schneider Has Adequately Alleged Breach of Implied Warranty

Similar to their argument regarding Plaintiffs' consumer protection claims, Defendants contend that the "Zinc Oxide" representation on the label is a "factually true" statement purportedly indicating that the Products contain zinc oxide, and therefore cannot be the basis for an implied warranty claim. Mot. at 18. Defendants again, misconstrue the relevant law and legal

---

[10] In a passing footnote, Defendants claim that a "significant number of consumers purchased the Products based on their dermatologist's recommendation and/or directly from their dermatologist's office" and argue that this creates class certification issues. Mot. at 17, n. 4. Defendants' argument is not only outside the scope of the Complaint (and therefore should not be considered), but it is also wholly premature given the stage of the case.

standard. To succeed on her implied warranty claim, at trial Plaintiff Schneider will need to prove that the Products did not conform to the promises or affirmations of fact made on the label of the Products. However, "[t]he determination as to whether a particular statement is an expression of opinion or an affirmation of a fact is often difficult, and frequently is dependent upon the facts and circumstances existing at the time the statement is made." *Keith v. Buchanan*, 173 Cal. App. 3d 13, 21 (1985). As such, "[c]ourts liberally construe sellers' affirmations of quality in favor of injured consumers." *Allen v. Hylands, Inc.*, No. CV 12-01150 DMG MANX, 2012 WL 1656750, at *3 (C.D. Cal. May 2, 2012). For the same reason, the question of whether a representation "constitute an affirmation of fact [] is a question of fact that is premature at the pleading stage." *de Dios Rodriguez*, 2021 WL 1731604, at *5.

Lastly, courts regularly hold that stating a claim under California consumer protection statutes is sufficient to state a claim for implied warranty. *See, e.g., Maisel*, 2021 WL 1788397, at *11 (holding that warranty claim survived for the same reasons as the California consumer protection statutes, even if the challenged "plant-based and mineral ingredients" representation was factually true); *Przybylak v. Bissell Better Life LLC*, No. CV 19-2038 PA (GJSX), 2019 WL 8060076, at *8 (C.D. Cal. July 19, 2019) (same); *Gregorio v. Clorox Co.*, No. 17-CV-03824-PJH, 2018 WL 732673, at *5 (N.D. Cal. Feb. 6, 2018) (same). Here, Plaintiff Schneider has plausibly alleged that the "Zinc Oxide" claim deceptively implies that the Products contain solely zinc oxide as the active sunscreen ingredient. For these reasons, and because her California consumer protection claims should survive dismissal, so too should her implied warranty claim.

Second, Defendants contend that the claim is subject to dismissal due to lack of vertical privity with Defendants. Not so. California law recognizes an exception to the vertical privity requirement for an implied warranty claim "where plaintiffs are the intended third-party

18

beneficiaries of an implied warranty." *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 854 (N.D. Cal. 2018) (denying motion to dismiss implied warranty claim, based on third party beneficiary exception to privity requirement); *Ashton v. J.M. Smucker Co.*, No. EDCV20992JGBSHKX 2020, WL 8575140, at *12 (C.D. Cal. Dec. 16, 2020) (collecting cases in support of third-party beneficiary exception for implied warranty claims); *Michael v. Honest Co., Inc.*, No. LACV1507059JAKAGRX, 2016 WL 8902574, at *26 (C.D. Cal. Dec. 6, 2016) (same). Here, Plaintiff Schneider is clearly an intended third-party beneficiary of the sale or supply of Defendants' Products to Amazon, who ultimately sell the Products to consumers like Plaintiffs.

While Defendants acknowledge that there are exceptions to the privity requirement, they argue that those only apply to *express* warranty claims. Mot. at 19. This argument is wholly inconsistent with the weight of authority cited herein, where courts have applied exceptions to *implied* warranty claims. Thus, Plaintiff Schneider's implied warranty claim should survive.

## F.    Plaintiffs' Unjust Enrichment Claim Survives For The Nationwide Class

Defendants contend that Plaintiffs' unjust enrichment claim fails because it purportedly duplicates Plaintiffs' other claims. Mot. at 19-21. As a threshold matter, Fed. R. Civ. P. 8(a)(3) allows Plaintiffs to plead their claims in the alternative. Courts in this state are in accord. *See Ashour v. AriZona Beverages USA LLC,* No. 19 CIV. 7081 (AT), 2022 WL 14038713, at *4 (S.D.N.Y. Oct. 24, 2022) *(*denying defendant's motion to dismiss both New York and California unjust enrichment claims where plaintiff had adequately pled the underlying consumer deception, finding that such claims can be pled in the alternative); *Trend & Style Asia HK Co. v. Pac. Worldwide, Inc.*, No. 14-CV-9992 SAS, 2015 WL 4190746, at *5 (S.D.N.Y. July 10, 2015) (denying defendants' argument that plaintiff's unjust enrichment claim should be dismissed because it is duplicative, because Rule 8(a)(3) "expressly permit[s] plaintiffs to plead in the

alternative, and the law is well settled in this regard."); *Delgado v. Ocwen Loan Servicing*, *LLC*, 13-CV-4427, 2017 WL 5201079, at *15 (E.D.N.Y. Nov. 9, 2017) (same).

Further, an unjust enrichment claim is not even duplicative if a "reasonable trier of fact could find unjust enrichment . . . without establishing all the elements for one of [Plaintiffs'] claims sounding in law." *Nuss v. Sabad*, No. 7:10-CV-0279 (LEK/TWD), 2016 WL 4098606, at *11 (N.D.N.Y. July 28, 2016). Here, the elements of Plaintiffs' unjust enrichment claim are distinct from the elements of Plaintiffs' other claims. For example, "a claim for violating NY GBL § 349 requires [p]roof that [a] defendant's acts are directed to consumers" while a claim for unjust enrichment does not. *McCracken v. Verisma Sys., Inc.*, No. 6:14-CV-06248(MAT), 2017 WL 2080279, at *8 (W.D.N.Y. May 15, 2017), *reconsideration denied*, 2018 WL 4095104 (W.D.N.Y. Aug. 28, 2018) (internal quotation marks omitted). Thus, "a reasonable trier of fact could find the elements unjust enrichment without establishing all the elements for Plaintiffs' NY GBL § 349 claim." *Id.*; *see also Warner v. StarKist Co.*, No. 118CV406GLSATB, 2019 WL 1332573, at *3 (N.D.N.Y. Mar. 25, 2019) (observing that "[t]he elements for an unjust enrichment claim are distinct from the elements for GBL claims under §§ 349 and 350.") Furthermore, "even if the jury determines that the [Plaintiffs] did not rely on [Defendants'] allegedly fraudulent statements, the Court could still find that [Plaintiffs] received a benefit . . . that aught to in 'equity and good conscience' be turned over to [Plaintiffs]." *Nuss*, 2016 WL 4098606, at *11.

The analysis under California law is similar. Defendants contend that Plaintiffs' unjust enrichment and restitution claims should be dismissed because they "are not recognized as standalone causes of action." Mot. at 20. However, as California courts have found, "under California law a court may construe a claim for unjust enrichment as a quasi-contract claim seeking restitution." *Gagetta v. Walmart, Inc.*, No. 3:22-CV-03757-WHO, 2022 WL 17812924, at *10

20

(N.D. Cal. Dec. 19, 2022) (internal quotation marks omitted) (citing *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)); *Beluca Ventures LLC v. Aktiebolag*, No. 21-CV-06992-WHO, 2022 WL 3579879, at *4 (N.D. Cal. Aug. 19, 2022) ("governing Ninth Circuit case law makes clear that an unjust enrichment claim brought under California law may be construed as a quasi-contract claim seeking restitution"); *Ashour*, 2022 WL 14038713, at *4 ("The California Supreme Court held that there is a standalone claim for restitution, which sounds in the same vein as other states' unjust enrichment causes of action."). As such, Defendants' request to dismiss these claims, based on the assertion that California does not recognize these causes of action, should be denied. *Gagetta*, 2022 WL 17812924, at *10 (denying motion to dismiss unjust enrichment claim); *Rushing v. Williams-Sonoma, Inc.*, No. 16-CV-01421-WHO, 2016 WL 4269787, at *9 (N.D. Cal. Aug. 15, 2016) (same).

Defendants also advance a throwaway argument that unjust enrichment is not available because Plaintiffs do not lack a remedy at law. Mot. at 21. However, as outlined immediately above, Plaintiffs are entitled to plead their claims in the alternative under both Rule 8(a)(3) and the cases that construe it. *See In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1233 (C.D. Cal. 2017) ("Defendants contend that the Court should dismiss Plaintiffs' unjust enrichment claims because they have adequate remedies at law. The Court finds no basis for doing so.")

Lastly, in conclusory fashion, Defendants contend that the unjust enrichment claim fails because Plaintiffs "fail to plausibly allege that they were denied the benefit of their bargain because all of Colgate's representations were actually true." Mot. at 21. Again, Defendants are relying on their own subjective interpretation of the challenged representations. As discussed *supra*, consumers purchasing zinc sunscreens are not seeking sunscreens with both zinc and active chemical ingredients that carry harmful effects. Accordingly, they have not received the benefit of

21

their bargain. This is sufficient under *Astiana*, 783 F.3d at 762 (the plaintiffs' statement that "[defendant] had 'entic[ed]' plaintiffs to purchase their products through 'false and misleading' labeling, and that [defendant] was 'unjustly enriched' as a result" is sufficient to state a quasi-contract cause of action); *see also Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2017 WL 3838453, at *13 (N.D. Cal. Sept. 1, 2017) (finding allegations that defendant was unjustly enriched from the misleading representations on the packaging for Kona beer, inducing consumers to pay more for the beer than they would have, were sufficient for quasi-contract claim).

Defendants also seek dismissal of Plaintiffs' nationwide class allegations, arguing that Plaintiffs lack standing to bring an unjust enrichment claim on behalf of consumers in other states. Mot. at 22-23. But this determination should not be made until class certification. *Ashour*, 2020 WL 5603382, at *6 ("Courts in this circuit hesitate to 'strike class allegations before a class certification motion is filed.'") (citations omitted). As stated in *Blessing v Sirius XM Radio Inc.*, 756 F.Supp.2d 445, 452 (S.D.N.Y. 2010):

> The reason that named plaintiffs in a proposed class action bring claims under consumer protection laws of states where they do not reside is that it allows them to preserve those claims in anticipation of eventually being joined by class members who do reside in the states for which claims have been asserted. *In Grand Theft Auto* this Court denied a motion to dismiss where the defendants challenged the named plaintiffs' standing to bring claims under the consumer protection laws of states "other than those in which the Named Plaintiffs reside[d] and purchased [the video game at issue]." *In re Grand Theft Auto* (No. II), 2006 WL 3039993, at *1. "The relevant question," the Court opined, "is not whether the Named Plaintiffs have standing to sue Defendants-they most certainly do-but whether their injuries are sufficiently similar to those of the purported Class to justify the prosecution of a nationwide class action ... This question is, at least in the first instance, appropriately answered through the class certification process." Id. at *3. Thus, while there is no question that plaintiffs in a proposed class action must have standing to sue the defendant on "at least some claims," *In re Buspirone*, 185 F.Supp.2d at 377, whether they may bring each claim asserted on behalf of the proposed class is properly determined after class certification is decided.

22

*See also Woodhams v. Pfizer, Inc.*, No. 18-CV-3990 (JPO), 2021 WL 5304309, at *3 (S.D.N.Y. Nov. 15, 2021) ("That the Plaintiffs lack standing to bring suit under the laws of the forty-one states and the District of Columbia, where none of them purchased Robitussin, is 'immaterial because they are not bringing those claims on their own behalf, but are only seeking to represent other, similarly situated consumers in those states.' The relevant inquiry for whether Plaintiffs can bring claims on behalf of putative class members under the laws of these other states is one of 'predominance under Rule 23(b)(3), not a question of standing.' Because this predominance inquiry is appropriate at the class certification stage, not at the motion to dismiss stage, the Court denies Pfizer's motion.") (citations omitted); *Reid v GMC Skin Care USA Inc.*, 815CV277BKSCFH, 2016 WL 403497, at *8 (N.D.N.Y. Jan. 15, 2016) (where Plaintiffs adequately allege standing to bring claims in the states they reside, the court will "defer the question regarding whether Plaintiffs may pursue claims on behalf of putative class members residing in other states to the class certification stage."); *Forcellati v. Hyland's, Inc*., 876 F. Supp. 2d 1155, 1159 (C.D. Cal. 2012) ("Until the Parties have explored the facts in this case, it would be premature to speculate about whether the differences in various states' consumer protection laws are material in this case.").[11]

Simply put, courts can and have certified nationwide classes based on a common claim of unjust enrichment, even with minor variations among states regarding its elements. *See Rapoport-Hecht v. Seventh Generation, Inc.*, No. 14-CV-9087 (KMK), 2017 WL 5508915, at *3 (S.D.N.Y. Apr. 28, 2017). The appropriate time to assess this question is at class certification.

---

[11] Defendants also contend that variations in state law preclude applying New York or California law to the nationwide claims. Mot. at 20. However, Defendants fail to meet their burden of demonstrating any material conflicts.

Accordingly, Defendants' attempts to dismiss or strike the nationwide class allegations are premature and should be denied.

### G.    Plaintiffs Have Adequately Alleged Injury Under California and New York Law

Lastly, Defendants argue that Plaintiffs' claims fail because they fail to adequately plead an injury. Mot. at 24-25. Not so. Plaintiffs allege that they were financially injured in that they purchased the Products based on the "Zinc Oxide" and "Mineral-Based" representations, reasonably believing that the Products contained only zinc oxide as the active sunscreen ingredient, and had they known the truth about the Products, they would not have purchased the Products, or would have paid significantly less for them. Compl. ¶¶ 9-10.

Under the GBL §§ 349 and 350, a plaintiff adequately pleads injury by alleging that he or she would not have purchased the challenged product *or* would not have paid the same price for it had he or she known the truth about it. *See e.g., Fishon v. Peloton Interactive, Inc.*, 2020 WL 6564755, at *10-11 (S.D.N.Y. Nov. 9, 2020) (allegations that plaintiffs "would not have purchased the [product], or would not have purchased it on the same terms, [had] they kn[o]w[n] the truth," were sufficient to survive dismissal, because "[n]o more is necessary at this stage"); *Anderson v. Unilever United States, Inc.*, No. 21-CV-3117 (KMK), 2022 WL 2181575, at *7 (S.D.N.Y. June 16, 2022) ("Plaintiff argues that her allegation that she would have paid less for or not purchased the Product had she known it was not 'microbiome gentle' is sufficient at the motion to dismiss stage, and the Court agrees with Plaintiff."); *Pichardo v. Only What You Need, Inc.*, 2020 WL 6323775, at *6 (S.D.N.Y. Oct. 27, 2020) ("Plaintiffs have alleged that they would not have purchased the product or been willing to pay as much had they known the true facts, namely that the vanilla taste did not derive 100% from vanilla extract. This is sufficient to meet their burden

24

of alleging injury as a result of alleged misrepresentation."); *Kacocha,* 2016 WL 4367991, at \*14 (same); *Singleton,* 2016 WL 406295, at \*10 (same). The same is true under California's UCL, FAL, and CLRA. *See Gagetta*, 2022 WL 17812924, at \*4 (finding that plaintiffs had adequately a pled "economic injury by asserting that they would not have purchased the products or would have paid less for the products had they known the truth about the products.").

In response, and without any explanation, Defendants contend in conclusory fashion that "Plaintiffs must allege sufficient plausible facts to support such a price premium theory of injury." Mot. at 24. To the extent Defendants are demanding that Plaintiffs allege detailed facts about the prices of the Products, prices of competitor products, or the precise price premium at issue here, such a pleading burden is wholly inconsistent with Second Circuit law. *Axon v. Florida's Nat. Growers, Inc.*, 813 F. App'x 701, 704 (2d Cir. 2020) (holding that plaintiff's "failure to identify the prices of competing products to establish the premium that she paid 'is not fatal to [her] claim' at this stage of the proceedings.") (citing *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 481–82 (S.D.N.Y. 2014) (collecting cases, and holding that "other post *Iqbal* cases have found valid § 349 claims despite plaintiffs not identifying competitors or prices.")); *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 578 (S.D.N.Y. 2021) (holding that to adequately plead injury, plaintiff "does not allege or identify: (a) the specific price he paid; (b) competitors' products for the price premium; or (c) how those products are purportedly comparable to the [a]lmonds." Such argument "is demanding more than the law requires.").  As such, Plaintiffs have adequately alleged injury.

## V.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion be denied in its entirety.

DATED: February 16, 2023                    **TREEHOUSE LAW, LLP**

                                            By: /s/ *Benjamin Heikali*

                                            Benjamin Heikali (*pro hac vice*)
                                            10250 Constellation Blvd., Suite 100
                                            Los Angeles, CA 90067
                                            Telephone: (310) 751-5948
                                            bheikali@treehouselaw.com

                                            **CUSTODIO & DUBEY, LLP**
                                            Robert Abiri (SBN 238681)
                                            445 S. Figueroa Street, Suite 2520
                                            Los Angeles, CA 90071
                                            Telephone: (213) 593-9095
                                            abiri@cd-lawyers.com

                                            *Attorneys for Plaintiffs and the*
                                            *Putative Class*