UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMY SCHNEIDER and ERIKA OPGENORTH,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

        -v-                5:22-cv-1294

COLGATE-PALMOLIVE COMPANY
and CP SKIN HEALTH GROUP, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                OF COUNSEL:


TREEHOUSE LAW, LLP        BENJAMIN HEIKALI, ESQ.
Attorneys for Plaintiffs
10250 Constellation Blvd., Suite 100
Los Angeles, CA 90067

CUSTODIO & DUBEY LLP      ROBERT ABIRI, ESQ.
Attorneys for Plaintiffs
445 S. Figueroa St. Suite 2520
Los Angeles, CA 90071

GREENBERG TRAURIG, LLP    KEITH E. SMITH, ESQ.
Attorneys for Defendants       NILDA M. ISIDRO, ESQ.
1717 Arch Street, Suite 400
Philadelphia, PA 19103

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On December 2, 2022, Amy Schneider ("Schneider") and Erika Opgenorth ("Opgenorth") (collectively "plaintiffs") filed this putative class action against Colgate-Palmolive Company ("Colgate") and CP Skin Health Group, Inc. ("CP Skin") (collectively "defendants").  Dkt. No. 1.  Plaintiffs' eight-count complaint asserts that defendants engaged in false and deceptive practices in the marketing, distribution, and sale of EltaMD sunscreens.  *Id.*

On January 26, 2023, defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1), 12(b)(6), and 9(b).  Dkt. No. 16.  The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II. INTRODUCTION

EltaMD is a professional skincare brand.  Compl. ¶ 13.  Defendant Colgate owns EltaMD and oversees the formulation, manufacturing, labeling, advertising, distribution, and sale of EltaMD products.  *Id.* ¶¶ 11, 13.  Defendant CP Skin is a Colgate corporation responsible for the EltaMD brand.  *Id.* ¶ 12.

EltaMD offers a variety of premium skin and sun care products.  Compl. ¶ 14.  The products at issue in this action include nine of EltaMD's sunscreen products (the "products").  *Id.* ¶ 15.  The front label of each of the products

represents that the products contain "Transparent Zinc Oxide," a mineral
sunscreen ingredient, while failing to disclose the presence of any other active
sunscreen ingredients, and the Amazon.com pages for some of the products
describe the products as being "Mineral-Based." *Id.* ¶¶ 17–20.

Based on the products' labeling and advertisements, plaintiffs assert that
reasonable consumers are led to believe that the only active sunscreen
ingredient in the products is zinc oxide. Compl. ¶ 19. However, contrary to
the products' representations, nearly half of each products' active sunscreen
ingredients are chemical sunscreen ingredients, such as octinoxate,
octisalate, and octocrylene. *Id.* ¶ 21.

Plaintiffs maintain that the reasonable belief that the products contain
only zinc oxide as the active sunscreen ingredient is material to consumers'
purchasing decisions because customers have increasingly turned to mineral
sunscreen ingredients due to the negative health and environmental
consequences associated with chemical sunscreen ingredients. Compl. ¶¶ 30–
33. Plaintiffs assert that defendants deceptively labeled and advertised the
products "in order to capitalize on demand for premium mineral sunscreens
made solely with zinc oxide." *Id.* ¶ 34.

## III.  **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual
allegations must be enough to elevate the plaintiff's right to relief above the

level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## IV. DISCUSSION

Plaintiffs bring this action on behalf of four putative classes. Compl. ¶ 37. First, a nationwide class defined as all residents of the U.S. who purchased any of the products within the applicable statute of limitation. *Id.* Second, a California class defined as all residents of California who purchased any of the products within the applicable statute of limitation. *Id.* Third, a "California Consumer Subclass" defined as all residents of California who purchased any of the products for personal, family, or household purposes,

within the applicable statute of limitations period.  *Id.*  Lastly, a New York

class defined as all residents of New York who purchased any of the products

within the applicable statute of limitation.  *Id.*

Plaintiffs assert claims for these classes under New York and California

state laws.  *See* Compl. ¶¶ 46–108.  Plaintiffs assert the following claims: (1)

violation of New York General Business Law § 349 ("Section 349"); (2)

violation of New York General Business Law § 350 ("Section 350"); (3)

violation of California's Consumer Legal Remedies Act ("CLRA"); (4) violation

of California's False Advertising Law ("FAL"); (5) violation of California's

Unfair Competition Law ("UCL"); (6) breach of express warranty under New

York and California law; (7) breach of implied warranty under California law;

and (8) "Quasi Contract/Unjust Enrichment/Restitution."  *Id.*

## A.  **Consumer Protection Claims** (Counts I, II, III, VI & V)

Defendants first seek dismissal of plaintiffs' consumer protection claims

under New York and California law.  *See* Defs.' Mem., Dkt. No. 16-3 at 16–22,

31–32.[1]

### 1.  **New York Statutory Claims**

Plaintiffs' first and second causes of action are brought under New York

General Business Law Sections 349 and 350.  Compl. ¶¶ 46–63.

---

[1] Pagination corresponds to CM/ECF.

Section 349 "prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." *Chery v. Conduent Educ. Servs., LLC*, 581 F. Supp. 3d 436, 449 (N.D.N.Y. 2022) (cleaned up).  Section 350 "prohibits false advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (cleaned up).

"To successfully assert a claim under either section of the statute, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 381 (S.D.N.Y. 2021) (quoting *Orlander*, 802 F.3d at 300).  Claims under Sections 349 and 350 are not required to meet the heightened pleading standard of Rule 9(b).  *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 346 (S.D.N.Y. 2020) (citing *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 239–40 (S.D.N.Y. 2020)).

### 2.  California Statutory Claims

Plaintiffs' third, fourth, and fifth causes of action are brought under California's CLRA, FAL, and UCL.  Compl. ¶¶ 64–85.

The CLRA "prohibits certain unfair methods of competition and unfair or deceptive acts or practices in a transaction, including representing that goods

or services have characteristics that they do not have and advertising goods or services with intent not to sell them as advertised." *Morrell v. WW Int'l, Inc.*, 551 F. Supp. 3d 173, 182 (S.D.N.Y. 2021) (cleaned up).  The FAL "makes it unlawful for any person to engage knowingly in unfair or misleading advertising, and provides a private cause of action for any person who has suffered injury in fact and has lost money or property as a result of a violation of the FAL."  *Id.* at 183 (cleaned up).  The UCL "prohibits 'any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.'"  *Id.* (citation omitted).

Courts often analyze the CLRA, UCL, and FAL together because they share similar attributes.  *Quintanilla v. WW Int'l, Inc.*, 541 F. Supp. 3d 331, 344 (S.D.N.Y. 2021) (citing *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 985 (S.D. Cal. 2014)).  In particular, all three laws require plaintiffs to meet the pleading standards of Rule 9(b) and demonstrate that members of the public are likely to be deceived by the alleged misrepresentations.  *Id.* (citations omitted).

### 3.  <u>Reasonable Consumer</u>

First, defendants argue for dismissal of plaintiffs' consumer protection claims on the basis that plaintiffs have not plausibly alleged that any reasonable consumer would be deceived by the products' labels and advertisements.  Defs.' Mem. at 19–20.

"To state a claim for false advertising or deceptive business practices under New York or California law, a plaintiff must plausibly allege that the deceptive conduct was 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)).  A plaintiff "must do more than 'plausibly allege that a label might conceivably be misunderstood by some few consumers.'" *Mogull v. Pete & Gerry's Organics, LLC*, 588 F. Supp. 3d 448, 453 (S.D.N.Y. 2022) (quoting *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018)).  "Rather, the operative question is whether a 'significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Id.* (citation omitted).

"[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Fink*, 714 F.3d at 742. "Courts 'view each allegedly misleading statement in light of its context on the product label or advertisement as a whole.'" *Izquierdo v. Panera Bread Co.*, 450 F. Supp. 3d 453, 461 (S.D.N.Y. 2020) (citation omitted).  "This is an 'objective test' that 'may be determined as a matter of law or fact (as individual cases require).'" *Id.* (quoting *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 287 (S.D.N.Y. 2014)).  "However, this inquiry is generally a question of fact not suited for resolution at the motion to dismiss stage."

*Campbell*, 516 F. Supp. 3d at 381 (cleaned up); *see also Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

Plaintiffs have plausibly alleged that defendants' conduct was "likely to mislead a reasonable consumer acting reasonably under the circumstances." Plaintiffs assert that reasonable consumers are led to believe that the products' only active sunscreen ingredient is zinc oxide, a mineral sunscreen ingredient, despite the products containing significant levels of chemical sunscreen ingredients.  Compl. ¶¶ 4, 19.  In support of this allegation, plaintiffs maintain that: (1) the front label of the products prominently represents that the products contain "Transparent Zinc Oxide," while failing to list any other active sunscreen ingredients; and (2) on Amazon.com, the products are advertised as being "Mineral-Based."[2]  *Id.* ¶¶ 17–18, 20; *see also* Pls.' Opp'n, Dkt. No. 21 at 14–15.

Drawing all reasonable inferences in plaintiffs' favor, it is plausible that a reasonable consumer would be misled into believing that the only active sunscreen ingredient in the products is zinc oxide.  To be clear, the products do in fact contain zinc oxide and plaintiffs appear to acknowledge that the back label of the products reflects this.  *See* Pls.' Opp'n at 18–19.  However,

---

[2]  Defendants argue that plaintiffs' consumer protection and breach of express warranty claims "fail to the extent that they are based on advertisements identified in the Complaint that [p]laintiffs do not allege they ever saw."  Defs.' Mem. at 24.  There is no clear statement in plaintiffs' complaint that their claims are based on their reliance on advertisements they did not see and reading such allegations into plaintiffs' complaint would be inappropriate.

contrary to defendants' assertion, the presence of zinc oxide combined with an accurate ingredients list does not foreclose the possibility that the products' representations are misleading to a reasonable consumer.  *See Hoffmann v. Kashi Sales, L.L.C.*, --F. Supp. 3d--, 2022 WL 17823171, at *3 (S.D.N.Y. Dec. 20, 2022).  In fact, courts have recognized that it is "materially misleading to suggest a product contains a greater proportion of a preferred ingredient than it actually does, even where there is a visible ingredients list that states the correct composition of the [product]."  *Panera Bread Co.*, 450 F. Supp. 3d at 462 (citing *Mantikas*, 910 F.3d at 639); *see also LeGrand v. Abbott Lab'ys*, --F. Supp. 3d--, 2023 WL 1819159, at * 10–12 (N.D. Cal. Feb. 8, 2023).  Thus, defendants' argument, that plaintiffs have failed to plausibly allege that the products' representations are misleading, must be rejected.

### 4. **Injury**

Defendants also seek dismissal of plaintiffs' consumer protection claims on the basis that plaintiffs have not "adequately plead an injury resulting from allegedly misleading representations."  Defs.' Mem. at 31–32.

Establishing an injury "typically requires a plaintiff to 'allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase.'"  *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016) (quoting *Orlander*, 802 F.3d at 302); *see also Horti v. Nestle HealthCare Nutrition, Inc.*, 2022 WL 2441560,

at *8 (N.D. Cal. July 5, 2022).  "A plaintiff can show this injury by alleging an

overpayment, or price premium, whereby a plaintiff pays more than she

would have but for the deceptive practice."  *Duran*, 450 F. Supp. 3d at 350

(cleaned up).

Plaintiffs have plausibly alleged an injury to support their consumer

protection claims.  Plaintiffs assert that they paid a premium price for the

products on the belief that the products contained only zinc oxide as the

active sunscreen ingredient.  Compl. ¶ 5.  According to plaintiffs, they would

not have purchased the products, or would have paid significantly less for

them, had they known that the products contained significant levels of

chemical sunscreen ingredients.  *Id.*  As such, plaintiffs maintain that they

"received less than what they bargained and/or paid for."  *Id.* ¶ 59.

These allegations are sufficient to establish an injury under a premium

price theory.  Defendants argue that plaintiffs have failed to allege sufficient

facts to assert a price premium theory of injury.  *Id.*  However, this argument

must be rejected.  More specificity is not required at this early stage of the

litigation.  *See Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 578

(S.D.N.Y. 2021); *Gagetta v. Walmart, Inc.*, --F. Supp. 3d--, 2022 WL

17812924, at *6–7 (N.D. Cal. Dec. 19, 2022).  Accordingly, defendants' motion

to dismiss plaintiffs' consumer protection claims for failure to state a claim

shall be denied.

5. **Rule 9(b)**

Defendants also seek dismissal of plaintiffs' CLRA, UCL, and FAL claims pursuant to Rule 9(b). Defs.' Mem. at 21–22. According to defendants, plaintiffs have failed to plead their California consumer protection claims with sufficient specificity to satisfy Rule 9(b)'s heightened pleading standard. *Id.*

Rule 9(b) "provides that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *MacNaughton v. Young Living Essential Oils, LC*, --F.4th --, 2023 WL 3185045, at *6 (2d Cir. May 2, 2023) (quoting FED. R. CIV. P. 9(b)). "Pleading fraud with particularity means specifying the 'who, what, when, where, and how [of the fraud].'" *Reynolds-Sitzer v. EISAI, Inc.*, 586 F. Supp. 3d 123, 135 (N.D.N.Y. 2022) (citation omitted). "Though claims under CLRA, UCL, and FAL do not include fraud as an element, they are nonetheless subject to the heightened pleading requirements of Rule 9(b) if they are premised on allegations of fraud." *Paulino v. Conopco, Inc.*, 2015 WL 4895234, at *6 (E.D.N.Y. Aug. 17, 2015) (collecting cases); *see also In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074, 1091 (C.D. Cal. 2017).

Plaintiffs have plead with sufficient specificity to satisfy Rule 9(b)'s heightened pleading standard. Plaintiff Schneider alleges that she purchased EltaMD's UV Daily Broad-Spectrum SPF 40 Transparent Zinc

Oxide tinted product from Amazon.com in or around February 2020.  Compl.

¶ 9.  Plaintiff Ogpengorth alleges that she purchased EltaMD's UV Daily

Broad-Spectrum SPF 40 Transparent Zinc Oxide product from Amazon.com

in or around March 2021.  *Id.* ¶ 10.  Both plaintiffs assert that based on the

front label of the products and the phrase "Mineral-Based" on the

Amazon.com page, they believed that the products contained only zinc oxide

as the active sunscreen ingredient.  *Id.* ¶¶ 9–10.  Plaintiffs contend that

defendants advertised the products in such a fashion, despite the products

containing substantial amounts of chemical ingredients, in order to boost

sales and increase profits.  *Id.* ¶ 16.

These allegations adequately set forth the "circumstances constituting

fraud or mistake."  *See Cesta v. Trader Joe's Co.*, 2018 WL 6075352, at *4

(C.D. Cal. Aug. 28, 2018) (finding similar allegations sufficient for purposes of

Rule 9(b)).  As such, defendants' motion to dismiss plaintiffs' California

consumer protection claims under Rule 9(b) shall be denied.  As a result,

plaintiffs' consumer protection claims under New York and California law

shall proceed to discovery.

## B. **Breach of Express Warranty** (Count VI)

Next, defendants seek dismissal of plaintiffs' express warranty claims

under New York and California law.  Defs.' Mem. at 22–24.  Defendants

argue that plaintiffs have failed to "identify any express warranty, let alone

the terms and conditions of any such warranty," and plausibly allege that a reasonable consumer could be misled by the products' representations. *Id.*

To state claim for breach of express warranty under New York law, a plaintiff "must allege: '(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach.'" *Colpitts*, 527 F. Supp. 3d at 589 (quoting *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014)).  Similarly, to state a claim for breach of express warranty under California law, "a plaintiff must prove that '(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached.'" *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 469 (S.D.N.Y. 2020) (citations omitted).

Plaintiffs have sufficiently alleged a breach of express warranty claim under New York and California law.  Plaintiffs assert that the products' front label and advertisements, which represent the products as containing "Transparent Zinc Oxide" and/or being "Mineral-Based," create an express warranty that the sole active sunscreen ingredient in the products is zinc oxide.  Compl. ¶ 89.  Plaintiffs maintain that these representations are false and misleading because the products contain significant amounts of chemical

sunscreen ingredients. *Id.* ¶ 92. According to plaintiffs, defendants' breach of express warranty caused plaintiffs to pay a premium price for the products while not obtaining the full value of the products as represented. *Id.* ¶ 93.

Under both New York and California law, an express warranty is an affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain. *Hesse*, 463 F. Supp. 3d at 469 (citations omitted). "As a result, product labels and advertisements can create express warranties." *Mason v. Reed's Inc.*, 515 F. Supp. 3d 135, 146 (S.D.N.Y. 2021) (collecting cases). Nevertheless, representations included on product labels or advertisements will not create an express warranty "if they are 'of such a general nature that a reasonable consumer would not rely on [them] as a statement of fact regarding the product.'" *Solak v. Hain Celestial Grp., Inc.*, 2018 WL 1870474, at *10 (N.D.N.Y. Apr. 17, 2018) (citation omitted). Thus, whether plaintiffs' interpretation of the products' representations reflected a promise made by defendants "necessarily depends on what a reasonable consumer would believe." *Singleton v. Fifth Generation, Inc.*, 2016 WL 406295, at *11 (N.D.N.Y. Jan. 12, 2016) (citation omitted).

Plaintiffs have adequately alleged that the products' representations created an express warranty. As determined *supra* with regard to plaintiffs' consumer protection claims, plaintiffs have plausibly alleged that the

products' representations could mislead a reasonable consumer into believing that the only active sunscreen ingredient in the products is zinc oxide. As a result, plaintiffs have plausibly alleged that the products' labeling and advertisements created an express warranty. *See Hesse*, 463 F. Supp. 3d at 469; *Goldemberg*, 8 F. Supp. 3d at 483. Accordingly, defendants' motion to dismiss plaintiffs' breach of express warranty claim under New York and California law shall be denied.

## C. **Breach of Implied Warranty** (Count VII)

Defendants advocate for dismissal of plaintiffs' breach of implied warranty claim under California Commercial Code § 2314. Defs.' Mem. at 25–26. Defendants assert that dismissal is warranted because: (1) the products' label does not contain a promise fact to which the products do not conform; and (2) plaintiff Schneider has failed to plead privity. *Id.*

"Under California law, 'a warranty that the goods shall be merchantable is implied in a contract for their sale.'" *Nacarino v. KSF Acquisition Corp.*, --F. Supp. 3d--, 2022 WL 17178688, at *8 (N.D. Cal. Nov. 23, 2022) (citation omitted). "The term 'merchantable,' as used in § 2314, has several meanings, including that 'the product must conform to the promises or affirmations of fact made on the container or label if any.'" *Id.* (citation omitted).

Plaintiffs allege that by advertising the products as containing zinc oxide, defendants "made an implied promise that the sole sunscreen ingredient in

the [p]roducts is zinc oxide."  Compl. ¶ 100.  According to plaintiffs, the products have not conformed to the promises made on the label because the products contain significant levels of chemical sunscreen ingredients.  *Id.*  As such, plaintiffs' breach of implied warranty claim, like their express warranty claim, is predicated on defendants' alleged failure to conform to its promise that the products contain only zinc oxide as the active sunscreen ingredient.

"When an implied warranty of merchantability cause of action is based solely on whether the product in dispute '[c]onforms to the promises or affirmations of fact' on the packaging of the product, the implied warranty of merchantability claim rises and falls with express warranty claims brought for the same product."  *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1096 (N.D. Cal. 2017) (quoting *Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 933 (N.D. Cal. 2014)).  As relevant here, it has already been determined that plaintiffs have adequately alleged that the products' labels contain actionable misrepresentations.  Therefore, plaintiffs have stated a plausible claim for breach of the implied warranty of merchantability.

Nevertheless, "California law requires that consumers stand in vertical privity with a manufacturer in order to bring an implied warranty claim under California Commercial Code Section 2314."  *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 853–54 (N.D. Cal. 2018) (citing *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008)).  "A buyer and seller stand in

privity only if they are in adjoining links of the distribution chain; an end consumer who buys products from a retailer is not in privity with the manufacturer of the products." *Quackenbush v. Am. Honda Motor Co., Inc.*, --F. Supp. 3d--, 2023 WL 187491, at *2 (N.D. Cal. Jan. 13, 2023) (citing *Clemens*, 534 F.3d at 1023).

Plaintiff Schneider alleges that she purchased EltaMD's UV Daily Broad-Spectrum SPF 40 Transparent Zinc Oxide tinted product from Amazon.com. Compl. ¶ 9. Plaintiff Schneider does not dispute that she lacks privity with defendants. Pls.' Opp'n at 26–27. Rather, plaintiff Schneider argues that privity is not required because "California law recognizes an exception to the vertical privity requirement for an implied warranty claim 'where plaintiffs are the intended third-party beneficiaries of an implied warranty.'" *Id.*

Courts are split on "whether an exception to the privity requirement exists for a breach of implied warranty of merchantability claim when a plaintiff can show that he or she was a third-party beneficiary of a contract between the defendant and a third party." *Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp. 3d 996, 1010 (S.D. Cal. 2021) (collecting cases). To the extent California recognizes a third-party beneficiary exception to the privity requirement, plaintiffs have nevertheless failed to allege sufficient facts to properly invoke the exception.

In order to enforce a contract as a third-party beneficiary, a plaintiff must plead a contract which was made expressly for his or her benefit and one in which it clearly appears that he or she was a beneficiary. *Pascal v. Nissan N. Am., Inc.*, 2022 WL 2784393, at *6 (C.D. Cal. June 8, 2022) (citation omitted); *see also Shay v. Apple Inc.*, 512 F. Supp. 3d 1066, 1077 (S.D. Cal. 2021). "While the third person need not be named or identified individually to be an express beneficiary, he must show that he is a member of a class of persons for whose benefit a contract was made." *Shay*, 512 F. Supp. 3d at 1077 (cleaned up).

Plaintiffs have failed to plausibly allege that a contract was entered into between defendants and Amazon.com for plaintiff Schneider's benefit. Plaintiffs' complaint does not allege the existence of a contract between the defendants and Amazon.com. *See* Compl. ¶¶ 95–102. While plaintiffs argue that plaintiff Schneider "is clearly an intended third-party beneficiary" of the sale or supply of defendants' products to Amazon.com, plaintiffs' complaint does not allege this. *See id.* As such, plaintiffs have failed to sufficiently invoke the third-party beneficiary exception to the privity requirement. As a result, defendants' motion to dismiss plaintiffs' breach of implied warranty claim shall be granted.

**D. Quasi Contract/Unjust Enrichment/Restitution** (Count VIII)

Finally, defendants seek dismissal of plaintiffs' quasi contract/unjust enrichment/restitution claim.  Defs.' Mem. at 26–31.  Plaintiffs assert this claim individually and on behalf of the members of the proposed nationwide class.  Compl. ¶ 104.  In the alternative, plaintiffs bring this claim individually and on behalf of the members of the proposed California class and New York class.  *Id.*

"To state a claim for unjust enrichment under New York law, a Plaintiff must show that '(1) the defendant was enriched; (2) at the expense of the plaintiff; and (3) that it would be inequitable to permit the defendant to retain that which is claimed by Plaintiff.'"  *Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137, 156 (S.D.N.Y. 2022) (quoting *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 524 (S.D.N.Y. 2015)).

In California, unjust enrichment is not a standalone cause of action.  *Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1071 (S.D. Cal. 2021) (citing *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)).  Rather, unjust enrichment "may be construed as a 'quasi-contract claim seeking restitution.'"  *Id.* (quoting *Astiana*, 783 F.3d at 762).  To properly allege a claim for quasi-contract or unjust enrichment under California law, a plaintiff must assert: (1) the receipt of a benefit; and (2) unjust retention of the benefit at the expense of another.  *Id.* (citation omitted).

## 1.  Duplicative

Defendants first argue that plaintiffs have failed to adequately plead an unjust enrichment claim under New York law because plaintiffs' unjust enrichment claim is duplicative of their New York General Business Law and breach of express warranty claims.  Defs.' Mem. at 27–28.

Under New York law, an unjust enrichment claim fails when it simply duplicates, or replaces, a conventional contract or tort claim.  *Bermudez v. Colgate-Palmolive Co.*, --F. Supp. 3d--, 2023 WL 2751044, at *13 (S.D.N.Y. Mar. 31, 2023) (citing *Patellos v. Hello Prods., LLC*, 523 F. Supp. 3d 523, 536–37 (S.D.N.Y. 2021)).  "[E]ven pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action."  *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017) (citation omitted).

Plaintiffs' unjust enrichment claim arises out of the same factual allegations as their other claims.  Namely, plaintiffs allege that defendants represented that the products contain zinc oxide as the sole active sunscreen ingredient, despite the products containing substantial amounts of chemical sunscreen ingredients.  Compl. ¶¶ 103–05.  Nevertheless, plaintiffs contend that their unjust enrichment claim under New York law is not duplicative because the elements of this claim are distinct from the elements of their

other claims.  Pls.' Opp'n at 28.  For example, plaintiffs maintain that a claim for violating Section 349 requires proof that a defendant's acts are directed towards consumers, while a claim for unjust enrichment does not.  *Id.*

At this early stage of the litigation, plaintiffs' unjust enrichment claim under New York will not be dismissed as duplicative.  Drawing all reasonable inferences in favor of plaintiffs, plaintiffs have sufficiently explained how their unjust enrichment claim is not merely duplicative of their other causes of action.  *See Warner v. StarKist Co.*, 2019 WL 1332573, at *3 (N.D.N.Y. Mar. 25, 2019).  Accordingly, defendants' first argument fails.

## 2.  <u>Adequate Remedy at Law</u>

Next, defendants assert in a conclusory fashion that dismissal of plaintiffs' unjust enrichment claim under both New York and California law is warranted because plaintiffs have insufficiently alleged that they lack an adequate remedy at law.  Defs.' Mem. at 28.  In support of this argument, defendants cite two cases while failing to provide any legal analysis as to how plaintiffs otherwise have adequate remedies at law.  *Id.*  Without more, dismissal on this basis is inappropriate.  As such, defendants' second argument must be rejected.

## 3.  <u>Benefit of the Bargain</u>

Defendants advocate for dismissal of plaintiffs' unjust enrichment claim under both and New York and California law on the basis that plaintiffs have

failed to allege that they were denied the benefit of their bargain "because all of Colgate's representations were actually true." Defs.' Mem. at 28.

Upon review, defendants' argument fails. Plaintiffs allege that they were induced by defendants' misleading representations about the products and paid more money for the products "than they otherwise would and/or should have paid." Compl. ¶ 105. For purposes of this motion to dismiss, these allegations are sufficient. *See Marek v. Molson Coors Beverage Co.*, 580 F. Supp. 3d 848, 862 (N.D. Cal. 2022). Accordingly, plaintiffs have plausibly alleged an unjust enrichment claim under New York and California law.[3]

### 4. **Nationwide Class**

Lastly, defendants assert that plaintiffs cannot maintain this claim on a nationwide basis because plaintiffs have standing to bring a common law claim only in the states in which they reside or purchased the products. Defs.' Mem. at 29–30.

Plaintiffs have not specified what state law governs their claim on behalf of the nationwide class. *See* Compl. ¶¶ 103–08. The failure to identify the relevant law makes it difficult to provide an analysis of plaintiffs' unjust enrichment claim on behalf of the nationwide class. Nevertheless, to the extent that plaintiffs bring this claim under state laws other than those of

---

[3] Defendants also assert that dismissal of plaintiffs' claim under California law is warranted for the same reasons set forth with respect to plaintiffs' consumer protection claims. Defs.' Mem. at 27. These arguments fail for the same reasons set forth *supra*.

the states where they themselves have suffered injury, "there is a 'growing consensus' that it is appropriate to defer consideration of standing until after class certification if class certification may affect the Court's standing analysis." *Marino v. Coach, Inc.*, 264 F. Supp. 3d 558, 567 (S.D.N.Y. 2017) (citation omitted).  Accordingly, plaintiffs' unjust enrichment claim on behalf of the nationwide class shall not be dismissed at this time.

## V.  <u>CONCLUSION</u>

Therefore, it is

ORDERED that

1.  Defendants' motion to dismiss in GRANTED in part and DENIED in part;

2.  Plaintiffs' Breach of Implied Warranty claim (Count VII) is DISMISSED;

3.  Plaintiffs' claims for violation of New York General Business Law § 349 (Count I), violation of New York General Business Law § 350 (Count II), violation of California's Consumers Legal Remedies Act (Count III), violation of California's False Advertising Law (Count IV), violation of California's Unfair Competition Law (Count V), Breach of Express

Warranty (Count VI), and Quasi Contract/Unjust Enrichment/Restitution (Count VIII) REMAIN; and

4.  Defendants shall file and serve an answer to the complaint on or before Wednesday, July 5, 2023.

The Clerk of The Court is directed to terminate the pending motion.

IT IS SO ORDERED.

Dated:  June 15, 2023
        Utica, New York.

David N. Hurd
U.S. District Judge